AUSTIN F. McCORMACK, Plaintiff, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, Kings County, January 11, 1944.

*E. C. Sherwood* for Colmar Construction Co., Inc., defendant.

*Barnett L. Kulak* for plaintiff.

*Ignatius M. Wilkinson, Corporation Counsel,* for City of New York, defendant.

*Cohen & McGuirk* for Afgo Engineering Corporation, defendant.

UGHETTA, J. The complaint alleges that heretofore the defendant City of New York engaged the defendant Colmar Construction Company, Inc., and the defendant Afgo Engineering Corporation to do certain construction and alteration ꞏ ��rk in the Kings County Hospital. Plaintiff, while in the employ of a subcontractor in connection with the above work, was injured by falling into a pit which was located upon the premises. He has brought this action against the above-named defendants to recover for their alleged failure to maintain the premises in a safe and proper condition. His claim with respect thereto is specified in paragraph seventeenth of the complaint, which recites: " That the defendants did not properly maintain said

tunnel or passageway in a safe or proper condition, but on the contrary and in violation of the statutes and ordinances in such cases made and provided, suffered, caused and permitted a certain deep pit in the said premises and in the said tunnel and passageway to remain uncovered and unguarded, and failed to install or provide adequate lights along the said tunnel or passageway leading to the said pit, and failed in any other way to indicate the existence of the said pit or its presence, and failed to provide adequate and proper safeguards or barricades to prevent a fall into the said pit, and the defendants were otherwise negligent in their duties and completely disregarded all their duties and obligations to any of their invitees, licensees and employees including this plaintiff.''

After awaiting until the very eve of trial, and without attempting to explain the reason for the delay, the defendant Colmar Construction Co., Inc., has moved herein for an order directing that Herman H. Schwartz, Inc., be brought in as a party defendant, pursuant to subdivision 2 of section 193 of the Civil Practice Act, to answer over to said movant for any damages it is called upon to pay by reason of a judgment in plaintiff's favor. The plaintiff strenuously opposes the application. He predicates his opposition upon the ground that the granting of the motion will delay the coming on of the trial, and upon the further ground that if the proposed defendant is made a party defendant it will tend upon trial to confuse the issues to plaintiff's prejudice.

In support of the motion it is stated that at the time of the plaintiff's accident there was in full force and effect an agreement between the moving defendant and the proposed defendant, pursuant to which the latter was obligated to furnish and maintain lighting facilities at the *locus in quo*. It is thus claimed that if plaintiff herein recovers judgment against the moving defendant for injuries sustained as a result of inadequate lighting at the time and place in question, the fault will be based upon the active or affirmative negligence of the proposed defendant and that the moving defendant will be chargeable merely constructively or vicariously, in which event the latter will be entitled to indemnification. The principle which is thus sought to be invoked is set forth in cases such as *Iroquois Gas Corp.* v. *International Ry. Co.* (240 App. Div. 432).

It is my view that the above principle may not properly be invoked in the instant case. This is true for the reason that under the allegations of the complaint a recovery in favor of plaintiff will not necessarily be founded upon a finding by the

jury that the accident was proximately caused solely by the inadequacy of lights at the time and place of the occurrence. On the contrary, the basis upon which plaintiff seeks to maintain his action is that *a combination of circumstances* concurred in bringing about the accident. Inadequacy of lighting facilities is only one of such circumstances. Indeed, the jury might well find upon trial that there was, in fact, adequate lighting at the time and place in question and might also find, for the other omissions of due care as alleged in the complaint, that plaintiff is entitled to recover against the moving defendant. In the latter event, the moving defendant would obviously have no claim to indemnification from the proposed defendant.

The language of subdivision 2 of section 193 is significant in that it permits the bringing in of a new party where it is " shown " that he " *is or will be liable* " over. (Italics supplied.) That provision cannot be distorted to authorize the bringing in of a person who merely, as here, " may be " liable over for the causation of the accident. (See *Kromback* v. *Killian*, 215 App. Div. 19.) Motion denied.