FRANKLIN E. TYRELL, INC., Plaintiff, *v.* FREDERICK H. VAHLSING et al., Defendants and Third Party Plaintiffs; I. HERBERT SCHEFFER, Third Party Defendant.

Supreme Court, Special Term, Queens County, March 1, 1947.

*Priest & Carson* for plaintiff.

*Lord & Huntington* for defendants and third party plaintiffs.

*Bernhard Steinman* for third party defendant.

CUFF, J. In this action by a real estate broker to recover commissions from the owner of certain realty for whom he claims he produced a buyer, the owner has impleaded the alleged buyer by serving on him a third party summons and complaint, pursuant to section 193-a of the Civil Practice Act (added by L. 1946, ch. 971), which is a drastic amendment (eff. Sept. 1, 1946) of section 193 of the Civil Practice Act. The buyer (third party) has moved to dismiss the claim alleged against him on the ground that the new enactment is not applicable to him in the circumstances; the defendants oppose the motion while plaintiff takes no action.

The facts are: In its ordinary real estate commissions complaint, plaintiff *inter alia* alleges the procuring of I. Herbert Scheffer (the third party) as the willing and able buyer and demands judgment for $1,185 against defendants. The defendants' answer admits listing the property with plaintiff for sale; admits receiving the contract signed by the alleged buyer Scheffer, but denies that any commissions became due to plaintiff. For a first separate defense, defendants allege that the buyer whom plaintiff produced, refused to perform the contract; that plaintiff knew that the buyer had repudiated the contract before he submitted it to defendants for signing but that he concealed that fact from defendants with the intention of deceiving them; and for a second defense, defendants allege that plain-

tiff secured the signature of the buyer to the contract by making false representations to him about the property, the subject of the sale, and they demand that the complaint be dismissed. The " Third Party Complaint " which was served by defendant on the alleged buyer, Scheffer, recites that the broker (plaintiff) commenced this suit for commissions against them because they had contracted to sell the property to the buyer (third party) whom plaintiff had produced; that the buyer (third party) breached that contract; that if plaintiff establishes the existence of that contract, defendants will be damaged by reason of the said breach to the extent, if any, that plaintiff recovers against them and they demand judgment against the third party in the amount, if any, of plaintiff's judgment against them, plus costs and expenses.

The moving and answering affidavits merely echo the pleadings except that both the defendants and the third party agree that plaintiff's suit not only lacks merit but that he committed a fraud upon both of the contracting parties in having them sign the contract; they contend that plaintiff did that for the sole purpose of " building up " this claim for commissions which he is now advancing. That defendants sold the property at a slight loss plays no part in this application.

There is now a three-cornered controversy among the broker, the seller and the buyer — principals in this attempted sale of property which failed. It presents a typical case — one that is repeated over and over again in the business world. The question is: may these claims be litigated together before a jury?

The new provision of law reads in part: " § 193-a. *Third-party practice.* 1. After the service of his answer, a defendant may bring in a person not a party to the action, who is or may be liable to him for all or part of the plaintiff's claim against him, by serving as a third-party plaintiff upon such person a summons and copy of a verified complaint. The claim against such person, hereinafter called the third-party defendant, must be related to the main action by a question of law or fact common to both controversies, but need not rest upon the same cause of action or the same ground as the claim asserted against the third-party plaintiff." (Civ. Prac. Act, § 193-a, subd. 1.)

That amendment to section 193 was intended to liberalize our " Third-party practice " (See Twelfth Annual Report of N. Y. Judicial Council, pp. 197–217), which heretofore rigidly required that in impleading there should be definite " liability over ", as well as " identity of claims ". (*May Co.* v. *Mott Ave. Corp.,* 121 Misc. 398; *Kromback* v. *Killian,* 215 App. Div. 19.)

Under those restrictions, the claims in this suit could not be entertained in one action. Defendants rely upon the amendment above set forth.

Considering this recent enactment (§ 193-a), it should be noted that a third party complaint may be served at any time after defendant answers. He may implead any person not a party who is or may be liable to him for all or part of the claim plaintiff is pressing. The person who " is " liable to him is in the position of an indemnitor. That provision is the same in old section 193 of the Civil Practice Act. As there is no change with respect to that feature, the guiding decisions of the past are still applicable. The expression " may be liable " should not be read alone. It is linked with the next sentence wherein the law requires that the claim against the impleaded person " must be related to the main action " and then it defines the nature of that relationship. It is: there must be at least one question of law or one question of fact common to both the main action and the third party claim. In order to remove the old restriction whereby the impleaded claim was required to be the same or based upon the same grounds as the main action (*Nichols* v. *Clark MacMullen & Riley, Inc.*, 261 N. Y. 118) the new statute affirmatively provides that the third party claim need not be based upon the same cause of action, or grounds as the main action. Thus it will be seen that the amendment to section 193 discards the " identity " of claim and " liability over " rule. The only restrictions on impleader left are (1) that the third party " may be liable " over, (2) that the claim and the main action must be related by a question of law or fact common to both, and (3) that Special Term, exercising discretion, shall be satisfied that the joinder will neither work an injustice, unduly delay the main action, nor inconvenience the plaintiff. The expression " may be liable " means that if the impleaded one is definitely not " liable over " to the defendant, then there should be no joinder. If there is doubt as to such liability, other conditions having been met, there should be joinder. This will be referred to again.

" For all or part of the plaintiff's claim against him " must refer to the amount of money only. In other words, if plaintiff recovers a sum of money from defendant, defendant may not have that money to satisfy the obligation unless he obtains it from the third party from whom he claims it is due. His impleader is built upon that theory. If large amounts are considered there is logic with justice in the requirement. The expression " related to the main action by a question of law or

fact common to both '' will give no trouble as to the '' question of law ''. That will be recognized at once. For instance, in the application at bar there is no question of law common to both claims. Further discussion is unnecessary. Whether there is a common question of fact bears directly upon this motion and will be discussed later.

But what does the amendment to section 193 seek to accomplish? That should be the main guide in interpreting it. It will be discovered by examining the other subdivisions of the amendment (I have discussed subdivision 1). Defendant instigates all impleading by serving his '' third-party summons and complaint '' (Rules Civ. Prac., rule 54), on the one to be impleaded (subd. 1) and if that person wishes to step out of the litigation, he moves (as this third party has done) to dismiss the claim against him, giving notice to both plaintiff and defendant (subd. 4). If the impleaded party remains in the action, he may answer, serving both plaintiff's and defendant's attorneys. In that answer he may assert not only his defenses to the claim alleged against himself but also any defenses which defendant could allege against plaintiff. He enjoys as against plaintiff all the rights of a defendant, including the right to appeal (subd. 2). Upon receipt of the impleaded party's answer, the plaintiff may amend his complaint and assert against him any claim which he might have made had the third party been originally joined as a defendant. The impleaded one may then counterclaim against plaintiff (subd. 3), who in turn may implead another (subd. 6). Provision is made for special findings by a jury under specified conditions (subd. 5) and an impleaded party may implead still another (subd. 6).

Subdivision 4 of section 193-a is the testing ground for the validity of a third party complaint and it commits the problem to the discretion of Special Term for motions. That court is empowered upon application either (1) to dismiss the third party complaint without prejudice to the bringing of another action, (2) to order a separate trial of the third party claim or of any part of it, or (3) to make any order which may be necessary to further justice and convenience. This section reminds the court that the main action must not be prejudiced or unduly delayed by reason of the presence of the added claim (subd. 4).

It would seem that a real renovation of '' Third-party practice '' was intended by the new law. Not only does the amendment remove the rigid strictures generated by judicial interpretation of the statute (§ 193), but it actually erects new pro-

cedure, which is an improved practice. The legislative disposition, as well as the hopes of those who inspired the change (Judicial Council), is to include rather than exclude.

One cannot read the provisions of section 193-a without the conviction that the intendment was to authorize concentration into one suit of all claims arising among all persons which emanate from one transaction or from transactions related one to the other, where a duty of " liability over " from defendant to the third party may be spelled out, conditioned only that justice and convenience shall not be sacrificed by combining the claims. The reasoning is in harmony with section 211 of the Civil Practice Act (as amd. by L. 1937, ch. 527) which broke down the barriers restricting the joinder of defendants generally and opened wide the door, as well as other recent enactments. It follows a trend of substance over form; of convenience over legalistic refinements steeped in tradition; of less expensive wholesale litigating over the costly pursuit of individual rights.

It will not be necessary to expound at length on the difference between " will be liable ", one of the tests under section 193, with which the bench and bar are familiar, and " may be liable ", the new language in section 193-a. The former established a definite status of liability; of the latter the same may not be said. The Legislature could not have intended the indefiniteness which the expression " may be liable ", strictly defined, conveys. I think the words mean that the party impleading another must show that there exists a likelihood — something short of the definite " will be liable "— that the impleaded one will be held responsible to defendant in whole or in part for recovery by plaintiff against defendant. That leads to this conclusion. Under section 193, the one impleading was obliged to show that the impleaded party as a matter of law was " liable over " (*Kromback* v. *Killian,* 215 App. Div. 19; *McCormack* v. *City of New York,* 182 Misc. 854), while under section 193-a, the " liability over " becomes a question of fact for the court to determine.

What is meant by a question of fact common to both controversies? Much may be said on that subject but I consider that the simplest approach and the one consonant with the spirit and apparent intendment of the authors of the change, should be adopted as a test; if the witnesses generally are, or the transaction or occurrence, in whole or in part, is common to both controversies, then a common question of fact exists.

To determine if a third party complaint, under attack because it is unauthorized by section 193-a, should be sustained, these

three questions should be answered: the first two in the affirmative, the last negatively.

(1) May the third party be held liable to defendant for all or a part of the money or thing which plaintiff seeks to recover from defendant?

(2) Is the third party claim related to the main action by a question of law or fact common to both?

(3) Will the joinder work an injustice, unduly delay the main action or unduly inconvenience plaintiff?

There may be other test questions.

In the application at bar, the pleadings and facts warrant the prescribed answers to the above queries for the following reasons:

(1) If plaintiff recovers his commissions from defendants, the money needed to pay that judgment and the money which was earmarked to pay that commission is the money which was to be realized on the sale of the property but which the buyer (third party) did not pay to defendants. Of course, for plaintiff to succeed against defendants he need not prove a binding contract between defendants and the third party, and even if he shows a binding agreement between them, it would not follow that he should, *ipso facto,* prevail against defendants. The theories of recovery are different, but that no longer counts (subd. 1). On the other hand, there is a likelihood that plaintiff's evidence will establish that there was an agreement binding those two to each other.

(2) The third party claim and the main action depend for their respective proof upon the same witnesses, who, when they testify, no matter who calls them, will to a large degree, if not entirely, establish or defeat the rights of the claimant in each case. The claims in both instances depend upon the same transaction — the attempted sale.

(3) This joinder will not be unjust to anyone, nor will it unduly delay the main action or unduly inconvenience plaintiff. In fact, it will accomplish a good purpose, for it will put at rest for all time all the claims of all parties who participated in that ill-fated real estate transaction instead of preserving some rights as a horrible impending threat to bring all to court again and again, until the statute tolls the end. That our law now permits such all inclusive litigation is a wholesome advance in our jurisprudence. In each application the sound discretion of Special Term applied to the facts should determine.

The motion is denied.