Rose Clements, as Administratrix of the Estate of John Clements, Deceased, Plaintiff, *v.* John D. Rockefeller, Jr., Defendant and Third Party Plaintiff. C. G. Gunther's Sons, Third Party Defendant.

Supreme Court, Special Term, New York County, April 28, 1947.

*Bernard Katzen, Harry Schechter* and *William H. Stieglitz* for third party defendant.

*Andrews, Baird & Shumate* for defendant and third party plaintiff.

*Daniel Jacobs* for plaintiff.

PECORA, J. This action is brought by plaintiff to recover damages resulting from the death of plaintiff's intestate upon allegations of negligence of defendant, Rockefeller, Jr. Plaintiff's intestate was employed by C. G. Gunther's Sons (hereinafter referred to as Gunther) at 666 Fifth Avenue, borough of Manhattan, New York City. While so employed he fell down an elevator shaft and sustained injuries which resulted in his death. Liability against defendant Rockefeller is sought to be imposed upon the theory that as the owner of the building he would be liable under the Labor Law. (*Hente* v. *Shercoop Corporation,* 289 N. Y. 140.) Defendant, Rockefeller, by his answer denies control of the premises and alleges that the building was leased in its entirety to Gunther, who was in possession and control for over a period of six and one half years prior to the alleged occurrence.

Pursuant to section 193-a of the Civil Practice Act, defendant Rockefeller has commenced an action as a third party plaintiff against Gunther as a third party defendant. In said cross complaint it is alleged that Gunther operated and controlled the premises, including the elevator doors and shaftway of the elevator; that the negligence of the defendants, if any, was due to the primary negligence of Gunther in permitting the removal of the elevator; in failing to keep the keys in a safe place; in failing to provide proper safeguards, etc. The cross complaint demands judgment dismissing the complaint or in the event judgment is recovered against Rockefeller that he have judgment over against Gunther.

Gunther, as third party defendant, pursuant to section 193-a, has not only answered the cross complaint, but also the complaint of the plaintiff in the main action. As to plaintiff four separate defenses are alleged (1) that plaintiff's intestate was guilty of contributory negligence; (2) the two-year Statute of Limitations as to the first cause of action; (3) the three-year statute as to the second cause of action; (4) that plaintiff's intestate was an employee of Gunther; that the injuries which he sustained and his death arose out of and in the course of his employment by Gunther; that Gunther had secured compensation insurance under the Workmen's Compensation Law; and that pursuant to section 11 of the Workmen's Compensation Law the liability of Gunther is exclusively under that law, and

the court therefore has no jurisdiction of the cause of action of plaintiff against Gunther.

As to the cross complaint, Gunther after denying certain paragraphs thereof, sets up five affirmative defenses: (1) The three-year Statute of Limitations; (2) Gunther's exclusive liability under the Workmen's Compensation Law depriving the court of any jurisdiction against Gunther; (3) the unconstitutionality of section 193-a of the Civil Practice Act as amended by chapter 971 of the Laws of 1946 which became effective on September 1, 1946, in that it would contravene section 18 of article 1 of the New York State Constitution and permit a remedy other than under the Workmen's Compensation Law against an employer for injuries to an employée; (4) indemnification of Rockefeller by Gunther's obtaining a general liability insurance policy protecting the lessor and lessee against any claim for damage or injury to persons on the demised premises, and (5) that Rockefeller is charged with active, primary and affirmative negligence as an owner of a tenant-factory building pursuant to sections 315 and 316 of the Labor Law, and therefore is not entitled to indemnity from Gunther who as lessee of the whole building, was likewise an " owner " of the premises within the meaning of the said sections of the Labor Law.

Gunther moves to dismiss the cross complaint of Rockefeller. I hold that the movant has been properly made a third party defendant in the cross claim served upon Gunther. In a similar case decided by the Court of Appeals on April 17, 1947 (*Wischnie* v. *Dorsch,* 296 N. Y. 257) where plaintiff's intestate died from injuries sustained as a result of an accident in the elevator of a tenant-factory building it was held that the owner of the building would be permitted to implead a tenant, in exclusive possession of the premises where the accident occurred. The tenant was also the employer of the plaintiff's intestate. It was there said (p. 261): " In the instant controversy the pleading under attack alleges that the owner-landlord had neither possession nor control of the demised premises; that, on the contrary, such were under the exclusive possession and control of the tenant which was primarily responsible for safe and proper maintenance, including the elevator, as well as for compliance with applicable statutory requirements; that the tenant had an active, primary duty; and that the plaintiff's alleged injuries, if any, resulted from its active wrongdoing. The owner, although under a statutory duty (Labor Law, §§ 255, 316), was a passive wrongdoer at best."

The same result was reached in *Mirsky* v. *Seaich Realty Co.* (256 App. Div. 658).

As to the attack made on the constitutionality of section 193-a as amended in 1946, the amendment merely changed the method of impleading a party and simplified the procedure. There has been no change as to the legal effect of securing a judgment against a third party.

Looking at the law as it stood before the amendment of section 193-a, it is clear that the objection made by movant that the result of bringing in Gunther as a third party defendant is to make Gunther indirectly liable for injuries to an employee, although Gunther has complied with the Workmen's Compensation Law, cannot be sustained. It was held in *Westchester L. Co.* v. *Westchester C. S. E. Corp.* (278 N. Y. 175) that compliance with the Workmen's Compensation Law is no defense to such action. The same rule has been applied in the Federal courts. (*Burris* v. *American Chicle Co.,* 120 F. 2d 218; *Rappa* v. *Pittston Stevedoring Corporation,* 48 F. Supp. 911.) While movant presents a vigorous attack upon the soundness of the ruling in the *Westchester. L. Co.* case (*supra*), this court is compelled to follow that decision until it is either changed by our highest court or by legislative enactment.

Movant's claim that the provision of indemnity contained in the lease between Gunther and Rockefeller, set forth in the " Fourth " defense contained in the answer of Gunther, was fully complied with when Gunther furnished and delivered a policy of liability insurance. The obtaining of such policy, however, does not relieve Gunther from any liability to Rockefeller because of any alleged negligence on the part of Gunther. Certainly this does not constitute a basis for dismissing the cross complaint. In fact in a companion motion made by Rockefeller, decided simultaneously herewith, I find that said " Fourth " defense is insufficient in law.

Nor is the movant's contention that Rockefeller and Gunther are joint tort-feasors a basis for a dismissal of the cross complaint. The cases of *Wischnie* v. *Dorsch* and *Mirsky* v. *Seaich Realty Co.* (*supra*) adequately dispose of that argument.

The motion by Gunther to dismiss the cross complaint is denied. Settle order.