YETTA CHIZIK et al., Plaintiffs, *v.* MORRIS FUCHS, Defendant and Third Party Plaintiff. SUN INDEMNITY COMPANY OF NEW YORK, Third Party Defendant.

City Court of the City of New York, Special Term, Kings County, December 9, 1947.

*Frank T. Kleiger* and *S. Stuart Kleiger* for plaintiffs.

*Bertram M. Weingart* for defendant and third party plaintiff.

*Leo M. Brimmer* for third party defendant.

BENJAMIN, J. The defendant seeks to implead an insurance company which has refused to admit liability under an alleged policy of insurance to defend and pay any damages occasioned by automobile accidents in which defendant's automobile is involved. This action having been brought against the defendant as a result of such an accident, he has served a cross complaint against the defendant insurance company pursuant to the provisions of section 193-a of the Civil Practice Act.

In the opinion of the court, this section does not contemplate a suit over against a nondefending insurance company on its contractual liability to the defendant. The issues are wholly unrelated. The gravamen of the tort action is the negligence of the defendant. The suit overconcerns itself with the contractual relationship between the defendant and the insurance company. In the tort action the issue is the circumstances of the accident. In the contract action the issues would involve construction of

the policy, determination of reasonable value of attorney's services rendered, and any other issues bearing upon the liabilities under the policy. It is obvious also that the ultimate liability of the insurance company under the policy could not be determined at the time of the trial of the tort claim, since additional counsel fees and costs and expenses may be incurred on appeal, retrials, or other eventualities which could not be contemplated by the jury on the trial of the underlying tort issue. It is also obvious that the merger of the issue on the contract with that of the tort claim would necessarily be to the prejudice of the third party defendant, since the jury might be inclined to allow a recovery against the defendant on the tort liability if it knew that he could then pass on the result to the insurance company for final payment. The attempt to implead the insurance company, therefore, should be resisted in the interest of justice in view of the obvious prejudice which would result by an attempt to have one jury pass upon these two issues.

Accordingly, the motion to dismiss the third party complaint against the insurance company is granted on the law and in the exercise of discretion, pursuant to the provisions of section 193-a of the Civil Practice Act, without prejudice to the rights of the parties in an independent action.