J. A. EWING & McDONALD, INC., Plaintiff, *v.* MUNICIPAL WAREHOUSE COMPANY, INC., Defendant and Third Party Plaintiff. GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, Third Party Defendant.

City Court of the City of New York, Special Term, New York County, July 12, 1948.

*Richards W. Hannah* for third party defendant.

*Hill, Rivkins & Middleton* for plaintiff.

*Sidney Feldshuh* for defendant and third party plaintiff.

CAPOZZOLI, J. This is a motion by the third party defendant, an insurance company, to dismiss the third party complaint served upon it pursuant to section 193-a of the Civil Practice Act.

The plaintiff has pleaded a cause of action against defendant for breach of a contract of storage of personal property, alleging that the defendant negligently cared for the property so that it was not returned to the plaintiff. The third party complaint shows that the third party defendant insured the property in favor of the defendant and delivered a policy of warehouseman's liability insurance to the defendant (the third party plaintiff); that this policy covered the property upon which the complaint of the plaintiff is based, but that the third party defendant has, in violation of the alleged contract of insurance, refused to undertake the defense of this action and has disclaimed liability under the policy.

It seems that the question presented by the particular state of facts involved in this case is a new one and there is no controlling authority which could be determinative of the issue involved. However, certain principles affecting our third party practice are now well established. Certainly the amendment to section 193 of the Civil Practice Act was intended to liberalize third party practice and to remove the rigid requirements theretofore existing in connection with the practice of impleading. (*Tyrell, Inc.*, v. *Vahlsing,* 193 Misc. 454.)

The rationale of this amendment is the avoidance of the multiplicity of suits and circuity of action. (See Twelfth Annual Report of N. Y. Judicial Council 1946, p. 192.) Unfortunately, the legal profession is often accused of refusing to follow the trend brought about by changing times. In many quarters it is held to be guilty of adherence to archaic procedural methods which interfere with the progress expected of our jurisprudence. Mr. Justice CUFF, in *Tyrell, Inc.*, v. *Vahlsing* (*supra*, p. 459) said: " One cannot read the provisions of section 193-a without the conviction that the intendment was to authorize concentration into one suit of all claims arising among all persons which emanate from one transaction or from transactions related one to the other, where a duty of ' liability over ' from defendant to the third party may be spelled out, conditioned only that

justice and convenience shall not be sacrificed by combining the claims. * * * It follows a trend of substance over form; of convenience over legalistic refinements steeped in tradition; of less expensive wholesale litigating over the costly pursuit of individual rights.'' And again at page 460: '' That our law now permits such all inclusive litigation is a wholesome advance in our jurisprudence.''

This court is familiar with the decision of Mr. Justice Benjamin, in the Kings County division of the court, in the case of *Chizik* v. *Fuchs* (193 Misc. 297). The facts in that case are distinguishable from the facts in the case at bar. The *Chizik* case (*supra*) was an action brought to recover damages caused by the defendant's automobile. The defendant attempted to implead the insurance company. The court refused to permit the impleading of the insurance company on the ground, amongst others, '' that the merger of the issue on the contract with that of the tort claim would necessarily be to the prejudice of the third party defendant * * * '' In the case at bar the action is for breach of contract and not for a tort.

The court cannot see how any prejudice can result from a merger of the issues. The spirit of section 193-a compels a denial of the motion to dismiss the third party complaint.

The motion to dismiss the third party complaint is denied. The third party may serve its answer within six days after service upon its attorneys of a copy of this order with notice of entry.