B. M. C. MANUFACTURING CORP., Respondent, v. DON T. TARSHIS et al., Doing Business as MELDON STEEL COMPANY, Defendants and Third-Party Plaintiffs-Respondents. ARTCO INDUSTRIAL COMPANY, INC., Third-Party Defendant-Appellant.

Third Department, May 9, 1951.

*Robert D. Stone* and *Morris Rosoff* for third-party defendant-appellant .

*Lloyd C. Anderson* for plaintiff-respondent.

*James B. Gitlitz* for defendants and third-party plaintiffs-respondents.

BERGAN, J. Defendants, so it is pleaded, agreed to deliver steel to the plaintiff. The steel was to be supplied to the defendants by a third party under an agreement standing independently on its own terms. The third party failed to deliver the steel to defendants who in turn failed to deliver it to the plaintiff and were sued for breach of contract.

Defendants served a third-party summons and complaint claiming a liability over, under the practice authorized by section 193-a of the Civil Practice Act. The Special Term denied a motion by the third party for the dismissal of the defendants' complaint.

The practice as enlarged in 1946 (L. 1946, ch. 971) seems not yet to have been applied to a series of contractual relationships like those that are here, but we are of opinion that the Special Term was right in the view it took of the question.

This is just the kind of a case where sequential litigation is to be cut short and decided at one time and place; and the procedure followed seems to us to fall within the language as well as the spirit of section 193-a.

The section now provides that a defendant may join as a party a person who " is or may be " liable to him for " all " or a " part of " the plaintiff's asserted claim. The claim against the added party " must be related " to the main claim " by a question of law or fact common to both controversies ". It need not rest on the same cause or on the same ground. A jural relationship rather than identity of cause is the requirement of the present statute.

It is not a complete answer to the jural relationship of successive contract liability arising from identical or dependent subject matter, that under one or both breaches of contract resort might have to be taken to the open market to fix damage. Nor is it an answer that the quantum or measure of damage might differ. If the relationship can be seen to exist the actions are properly joined and such a relationship may, indeed, be found in cases where the subject matter is neither identical nor dependent.

But even though the scope of definition has been greatly widened as to what is to be regarded as a related controversy, it must, however, still be shown that the third party will be liable over to the defendant for some part of the claim asserted in the main action, and while this is best demonstrated by a clear case of indemnity, the usefulness of the practice is not limited to indemnity in the classic sense.

A sufficient relationship between the controversies is shown where it is asserted that the acts of the third party have presently exposed the defendant to the kind of lawsuit in which the third party could be required to answer to the defendant for some of the loss threatened to be adjudicated.

In applying this principle to the field of contract there can, of course, be a wide range of sequential relationships. *Franklin E. Tyrell, Inc.* v. *Vahlsing* (193 Misc. 454 [1947]) is one of them. A broker sued the owner of real estate for commissions arising from a contract of sale which he had procured but which the buyer breached. The defendant owner was allowed by the Queens Special Term to join the buyer as a third-party defendant, and the opinion of Mr. Justice Cuff is a careful examination of the utility of the amended practice in such a situation.

In contract litigation the obstacles of prejudgment indivisibility of the liability of joint tort-feasors which has so often plagued the procedure on liability over are not present. It was distinctly held in *Fox* v. *Western New York Motor Lines* (257 N. Y. 305) that there is no " liability over " to one joint tort-feasor from another within the third-party practice set up by former subdivision 2 of section 193, notwithstanding the right of contribution after judgment made enforcible by former section 211-a. (See, also, *Miele* v. *City of New York,* 270 App. Div. 122.)

The principle and consequently the authority of these decisions have survived the enactment of the present third-party practice. (*Wolf* v. *La Rosa & Sons,* 272 App. Div. 932 [1947]; *Cloud* v. *Martin,* 273 App. Div. 769 [1947]; *Green* v. *Hudson Shoring Co.,* 191 Misc. 297 [1947]; *Van Pelt* v. *City of New York,* 188 Misc. 995 [1947]; *Monteverdi* v. *French Realty Corp.,* 190 Misc. 304 [1947].)

But where it can be made apparent that the unitary liability of the joint tort-feasor is not in issue and there is a possibility of recourse by a " passive " wrongdoer against an active one, the third-party practice is liberally applied to tort litigation. (*Robinson* v. *Binghamton Constr. Co.,* 277 App. Div. 468; *Monteverdi* v. *French Realty Corp.,* 274 App. Div. 945; *Clements* v. *Rockefeller,* 189 Misc. 885.) Its wider application is stopped merely by the nature of tort liability.

Some of the objections to joinder of third parties which were regarded as fundamental obstacles in *Nichols* v. *Clark, Mac-Mullen & Riley* (261 N. Y. 118 [1933]) under the former practice have been met fully in today's practice. That case will serve to denote the depth of the changes that have been made by a

series of amendments. The Judicial Council studies proposing the amendments of 1946 treated this as the leading New York case on the subject (Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 204).

The plaintiffs' house in New Jersey had burned. Its heating system had been reconstructed under the supervision of the defendant engineers. The engineers were sued for negligence. The negligence, as pleaded in the complaint, was that defendants had recommended " Celotex " as suitable and proper for covering hot-air ducts and warm-air piping and that it was non-inflammable and adequate insulation, whereas it was inflammable, inadequate and dangerous.

The complaint pleaded further, as part of the same cause of action, that defendant engineers were negligent in preparing their plans and specifications and that as a result both of the recommended use of " Celotex " and negligence in making the plans, the fire had occurred (pp. 120–122). On motion of defendants the manufacturer of " Celotex " was joined as a party and a third-party complaint (then a supplemental answer) was served. Defendants pleaded that the third party by its advertisements had recommended the use of " Celotex " as an insulating material for covering hot and cold-air ducts (p. 124).

The court was of opinion that the joinder should not have been made because the third party could not be liable over for the whole of the single cause of action pleaded in the complaint, i.e., that this cause of action was not limited to the negligent use of the material but that it extended also to the design of the heating plant for which the manufacturer of the material could under no theory be ultimately liable over, and since the causes had not been separated in the complaint it would not be possible to separate them in the judgment if there was a general verdict for the plaintiff.

Thus, it was said, there was nothing in the record to show that a judgment would ever be entered " solely " based on the use of " Celotex " (p. 123) and the statutory test was whether there could be liability over for " the judgment or part of the judgment ".

Secondly, it was said that while the complaint pleaded that the engineers had recommended " Celotex " as " non-inflammable " and proper for the design they had made for plaintiff's particular house, all the manufacturer was charged with having represented was that it was a proper covering for pipes and ducts generally not with recommending it for specific use in this plan. The causes were held not to be " the same " or at

least not to have been " based upon the same grounds ". " We recognize that this is rather a strict construction ". (CRANE, J., pp. 124, 125.)

The present statutory formula seems to meet all of this, for on the first objection it encompasses liability for " all or part of " the original plaintiff's " claim against " the original defendant; and on the second objection the joinder may be made even though the claims are not the " same cause " or based on the " same ground ".

There is no doubt that the Legislature has now afforded a greatly broadened procedural facility and we have no intention of starting over again the discouraging process of hedging it in by unnecessary delimitation.

We see a sufficient relationship in the two causes pleaded here to warrant the joinder. The causes are not identical. The principal difference is that the time for the performance of the contracts and the price are not the same. But the kind, quantity, and type of steel are identical under both pleadings and the relationship between the subject matter of the two pleadings is manifest both in substance and in the direction of utilization of the substance.

The third-party complaint incorporates the main complaint by reference and alleges that the breach of contract by third-party defendant is its failure to deliver " the aforesaid steel " as set forth in the third-party complaint.

The main complaint sets forth a cause of action based on the market price as well as causes based on special damage under allegations claiming that the third-party plaintiffs were informed of a special manufacturing use to which plaintiff intended to put the steel. The third-party complaint pleads that the third-party defendant " was informed " that the steel was intended for delivery " to a manufacturer."

It may well be that mere passive knowledge of the use to which the steel would be put would be held as a question of fact insufficient to make the defendants liable to the plaintiff or the third-party defendant liable over for special damage. But both pleadings are broadly enough framed to bring the causes within the rule in New York that the seller's " knowledge of special circumstances " making probable a special loss will generally make him liable for that loss. (*Czarnikow-Rionda Co.* v. *Federal Sugar Refining Co.*, 255 N. Y. 33, 43.)

Each pleading must be viewed liberally in favor of its language and intendment. The conclusion of fact that third-party

defendant " was informed " that the steel was being ordered for " delivery   *   *   *   to a manufacturer " is good enough as a pleading. The exact expressions " knowledge of special circumstances " or " making probable a special loss " are not the only ways this legal conclusion may be pleaded. The rest must wait until the facts are developed on the trial.

A sufficient relationship between the causes pleaded would exist if resort were to be required solely to the market price as the measure of damage and there is, for reasons of timely financial responsibility and some others, no restriction against pursuing third-party relief with this kind of measure as the only one for liability over.

The second cause of action asserted in the third-party complaint seems in part to be an independent cause against the third-party defendant. But this cause of action in part, and by reference to the main complaint, also may be construed to assert a claim for liability over, and as a pleading is sufficient on its face.

If it appears at the trial that the third-party plaintiffs are asserting a severable separate cause of action on their own, the Trial Term would have discretion to sever, although whether it should at that stage of the litigation exercise its discretion in this direction when all the parties are present, merely to follow procedural form, we do not now decide. Whether the pleaded agreement is within the Statute of Frauds is left for the trial.

The argument that joinder ought not be allowed as a matter of discretion is not impressive. It is said the decision of these issues would be complicated. We are not apprehensive that a court or jury will have undue trouble in deciding whether, if the defendants are liable to plaintiff, the third-party defendant would be liable to defendants on the same or a somewhat related ground. The objection would be far greater, when the work of the Supreme Court as a whole is considered, if the time and attention of two judges and two juries in different counties were taken with integral litigation.

In the nature of things the trial of an action where parties live in different counties always involves some inconvenience, since one of the counties necessarily has to be chosen for the venue. But travel between New York and Binghamton is not an insufferable inconvenience and such as it is must yield to the public convenience and economy of trying related controversies at the same time.

The order should be affirmed, with $10 costs and disbursements.

FOSTER, P. J., HEFFERNAN, BREWSTER and DEYO, JJ., concur.

Order affirmed, with $10 costs and disbursements. [See *post*, p. 986.]