Nicholas M. Pette, J.
This is an action brought to recover for personal injuries allegedly sustained by the plaintiff, Frank Schneiberg, while an invitee upon premises operated and controlled by defendants, Eugene Utz and Ruth Utz. Although both are named as defendants in the prime action, it seems that Ruth Utz was the only defendant served with process and *536 that Eugene Utz has not appeared in that action nor answered the complaint.
It is alleged in the plaintiff’s complaint, that at the time of the accident said Ruth Utz and Eugene Utz were the owners and in control of a hardware business, and that they also owned, operated and controlled a certain panel delivery truck used and employed by them in the operation and during the course and conduct of their said business; and that on or about May 14, 1955, while the plaintiff was in the act of receiving delivery of metal fence posts he had purchased from said defendants, said defendants, by their chauffeur, agents, or employees, so carelessly, recklessly and negligently handled a bundle of metal fence posts they were unloading from said panel truck in such manner, as to cause an anchor plate or metal fastening attached thereto to severely cut plaintiff’s right hand, right thumb and index finger and otherwise seriously injure his right hand.
The defendant, Ruth Utz, has served a third-party summons and complaint upon said Eugene Utz, impleading him as a third-party defendant, with a true copy of the summons and complaint in the prime action annexed to and made a part of said third-party complaint by reference.
In her third-party complaint, Ruth Utz, alleges that if she is adjudged liable to the plaintiff, it will be because of the active and primary negligence of Eugene Utz while acting as her agent or servant in furtherance of her business and not because of any actual participation on her part in the acts or omissions which plaintiff Frank Schneiberg asserts were the cause of the injuries he sustained as alleged in his complaint; and that under the circumstances, any liability imposed upon her in said action will be vicarious in nature and will have been imposed under the doctrine of respondeat superior, so that it will become the duty and obligation of the third-party defendant to indemnify her for any sums of money expended by her in the discharge of any liability which may be imposed upon her because of said action brought against her by said Frank Schneiberg.
The third-party defendant, Eugene Utz, now moves for an order dismissing the third-party complaint on the ground that it is insufficient in law, and that it is not authorized under section 193-a of the Civil Practice Act.
Persons named as defendants, but who were not served with process and who did not appear or answer, are not ipso facto parties already in the action, and in such case the remedy of the party served, who has a claim emanating from the same transaction from which liability over to the party who has not *537 been served may be imposed, is impleader under section 193-a of the Civil Practice Act (Emmons v. Hirschberger, 270 App. Div. 1025; Bennett v. Bird, 237 App. Div. 542; Franklin Fire Ins. Co. v. Simmons, 179 Misc. 497).
From a reading of section 193-a of the Civil Practice Act, there seems no doubt that the statute was intended to authorize the concentration into one action of all claims arising among all persons which flow from a single transaction or from transactions related one to the other, where a duty of liability over may be spelled out, provided however, that justice and convenience shall not be prejudiced by combining the claims (Franklin E. Tyrell, Inc. v. Vahlsing, 193 Misc. 454).
The language of section 193-a permits liberalization of the practice so as to permit a third-party claim to be asserted over where there is doubt as to liability and in the absence of a clear and absolute showing thereof. The party impleading another must show that there exists a likelihood the impleaded one will be held responsible to the defendant in whole or in part for any recovery by plaintiff against the defendant (Salzberg v. Baynay Holding Corp., 188 Misc. 1009-1011).
A master has the right to recover over against a negligent servant for liability imposed derivatively unless the master, himself, is guilty of negligence which contributed to the wrong which caused the damage or injury (Opper v. Tripp Lake Estates, 274 App. Div. 422). The active wrongdoer is liable over to a defendant who is guilty only of passive negligence (Krumme v. Cushman’s Sons, 273 App. Div. 913).
In Franklin E. Tyrell, Inc. v. Vahlsing (supra, pp. 459-460) the court said: “To determine if a third-party complaint, under attack because it is unauthorized by section 193-a, should be sustained, these three questions should be answered; the first two in the affirmative, the last negatively. (1) May the third party be held liable to defendant for all or a part of the money or thing which plaintiff seeks to recover from defendant? (2) Is the third party claim related to the main action by a question of law or fact common to both? (3) Will the joinder work an injustice, unduly delay the main action or unduly inconvenience plaintiff? ”
The plaintiff in the main action here has neither interposed any objection to the impleader nor has he appeared to oppose the same.
Had the third-party defendant, who was named a defendant in the prime action, been served with process by the plaintiff so as to make him a party to the action, the defendant Ruth Utz, under the provisions of section 264 of the Civil Practice *538 Act in her answer to the complaint could have interposed a cross complaint for judgment over against said codefendant in the event plaintiff recovered against her. However, since that remedy was not available to her because of such nonservice of process upon said codefendant, her remedy was to bring bim into the action as a third-party defendant.
This court is satisfied that the relation of the third-party claim to the original controversy here is direct and involves questions common to both controversies, and that the impleader would not cause unreasonable delay, prejudice, confusion of the issues or undue complications at the trial, and is therefore properly within the ambit of section 193-a of the Civil Practice Act (see Napack v. Grubman, 190 Misc. 718; Jefno Realty Corp. v. Lloyds Film Storage Corp., 191 Misc. 471).
The complaint in the prime action, alleges acts and omissions, upon proof of some of which defendant might be primarily liable and upon proof of others of which the liability might only be secondary and imposed by law without regard to breach of duty, and it also appears from said complaint that she is alleged to be guilty only of passive negligence. In reading said complaint, it cannot be determined that the defendant Ruth Utz and said Eugene Utz are joint tort-feasors. In such circumstances, the court, in the exercise of discretion will not dismiss the third-party complaint for legal insufficiency but will leave the question of liability over for disposition at the trial. (Schellhorn v. New York State Elec. & Gas Corp., 283 App. Div. 678; Logan v. Bee Builders, 277 App. Div. 1040; Schlemovitz v. City of New York, 81 N. Y. S. 2d 282, affd. 274 App. Div. 1064; D’Onfrio v. City of New York, 284 App. Div. 688; Greenhouse v. Rochester Taxicab Co., 218 App. Div. 224, appeal dismissed, 244 N. Y. 559.)
The motion to dismiss the third-party complaint is denied.
Submit order.