James J. C'bisona, J.
The third-party defendant moves to dismiss the third-party complaint for legal insufficiency and for such other and further relief as to the court may seem ¡just and proper.
The plaintiff is the general contractor of an improvement for the defendant owner, pursuant to a written agreement. It has brought this action against the owner to foreclose a mechanic's lien for a balance due on the contract, including extras, in the total sum of $15,298.01. The defendant counterclaimed for $11,000, which he claims was the reasonable cost of remedying the defective and faulty work performed by plaintiff and for its alleged failure to substantially complete the work called for by the agreement.
*936 The defendant has also impleaded, pursuant to section 193-a of the 'Civil Practice Act, a professional engineer whom he retained to render certain professional services in connection with the construction of the improvement, including the making and furnishing of drawings, plans and specifications, contract conditions, supervision and professional advice and guidance in connection with the construction of the building. Against him the defendant seeks judgment ‘ ‘ for the amount of the recovery obtained against said defendant by plaintiff and the amount that this defendant may not be entitled to recover against plaintiff on the counterclaim in this action.”
The foregoing claim is based upon the allegation in plaintiff’s complaint that at the special instance and request of the defendant and/or Jacob Berman, acting for or on behalf of the defendant, plaintiff furnished additional materials and performed extra labor in connection with the erection of the building, and upon the allegation in the third-party complaint that the third-party defendant from time to time approved in writing the plaintiff’s request for payments, upon reliance of which such payments were made, but that the work performed by the plaintiff 11 was done in a negligent, careless and unworkmanlike manner” and that the third-party defendant in performing his services “ did so in a careless and negligent manner and without due regard for existing facts and the damage to defendant, Third Party plaintiff, was due either to the careless and negligent manner in which the work was performed either by plaintiff or by the Third Party defendant. ’ ’
This court is of the opinion that the foregoing allegations of the third-party complaint do not spell out a cause of action in which the third-party defendant “is or may be liable to [defendant] for all or part of the plaintiff’s claim against him ”. (Civ. Prac. Act, § 193-a, subd. 1.) The plaintiff can recover only if it establishes at the trial that it performed all the terms and conditions of the contract on its part to be performed, and that it furnished the extra materials and performed the extra work at the special instance and request of the defendant or its agents. If that is proved, the defendant will be liable for his failure to perform and such liability, upon the pleadings before the court, is not related within the meaning of the statute to any question of law or fact common to both controversies. Of course, since impleader is not available to recover damages independently claimed to have been sustained by the third-party plaintiff (Victory Painters & Decorators v. Miller, 198 Misc. 196; Otto v. Wegner, 11 Misc 2d 499), there can be no recovery *937 over should the defendant, third-party plaintiff, he unsuccessful with respect to his counterclaim.
The motion is accordingly granted and the third-party complaint dismissed without prejudice to the bringing of a separate action against the third-party defendant, if he be so advised.