Francis X. Conlon, J.
Third-party defendant moves for dismissal of third-party complaint upon the ground that the main complaint states no cause of action upon which the third-party defendant can be liable over to the third-party plaintiff and the third-party complaint is therefore insufficient.
Plaintiff alleges the sponsorship by the defendants Abraham Scheinherg and American Jewish Literary Foundation, Inc., of a certain concert with the purpose of using the net income from admission fees to establish a scholarship fund for worthy cantorial students. As part of their arrangement, plaintiff advanced certain moneys, and the debt was repayable out of the concert proceeds. By the agreement those defendants agreed to “ hold and retain all monies received as a result of said concert as trust funds, to be deposited in a special bank account, for the purposes of repaying the debt due plaintiff prior to the discharge of any other obligations of the defendant Foundation ’ ’.
In the third-party complaint, it is alleged that the third-party plaintiff made an arrangement with the third-party defendant covéring the share of the third-party defendant in the proceeds and that the third-party defendant had breached its agreement in that it has failed to account to the third-party plaintiff.
As stated in Franklin E. Tyrell, Inc. v. Vahlsing (193 Misc. 454, 456, 459): “ ‘ The claim against such person, hereinafter called the third-party defendant, must be related to the main action by a question of law or fact common to both controversies, but need not rest upon the same cause of action or the same ground as the claim asserted against the third-party plaintiff.’ * * ® One cannot read the provisions of section 193-a without the conviction that the intendment was to authorize concentration into one suit of all claims arising among all persons which emanate from one transaction or from transactions related one to the other, where a duty of ‘ liability over ’ from defendant to the third party may be spelled out, conditioned only that justice and convenience shall not be sacrificed by combining the claims.” The plaintiff and the third-party plaintiff count upon different contracts but both relate to the same *98 subject matter and source of money out of which the defendant is to make payment to the plaintiff. Thus, “ A sufficient relationship between the controversies is shown where it is asserted that the acts of the third party have presently exposed the defendant to the kind of lawsuit in which the third party could be required to answer to the defendant for some of the loss threatened to be adjudicated ” (B. M. C. Mfg. Corp. v. Tarshis, 278 App. Div. 266, 269). The motion is denied.