James J. Crisona, J.,
This is a motion hy the third-party defendant to dismiss the third-party complaint on the ground that it fails to state facts sufficient to constitute a cause of action.
The primary complaint, which must, of course, also he read on this motion (Vaughan v. Globe Neon Sign Co., 10 A D 2d 568), contains two identical causes of action. The first is asserted against the individual defendants, copartners doing business as Taffet Radio and Television Co., and the second is asserted against the corporate entity, Taffet Electronics, Inc., subsequently formed by them to carry on the business.
Under the primary complaint, plaintiff seeks to recover damages for breach of a written contract pursuant to which plaintiff was to buy and defendants to manufacture and sell a specified number of completely finished and assembled sets of sheet metal at an agreed unit price and plaintiff was to pay to defendants the sum of $22,500 for the manufacture of tooling which “ was to become the sole property of plaintiff and could *277 be removed by it from defendant Taffet Radio’s premises, after the order was completed”. Notwithstanding its due performance of the contract, alleges the plaintiff, said defendant “ failed and refused to deliver said tooling to plaintiff or to make them available for removal by plaintiff from said defendant’s premises ’ ’, a breach for which plaintiff seeks to recover damages in the sum of $50,000.
The operative paragraphs of the third-party complaint contain the following allegations:
“ third : That heretofore and in or about January, 1955, the Third-Party Plaintiffs herein ordered certain tooling from the Third-Party Defendant for use in connection with the performance by the Third-Party Plaintiffs of a contract entered into by them with the Plaintiff herein.
“ fourth : That it was understood and agreed that such tooling would remain upon the premises of the Third-Party Defendant, and would be delivered to the Plaintiff herein at the premises of the Third-Party Defendant located at Union City, New Jersey, upon completion of the contract.
“fifth: That Plaintiff herein claims that it has been improperly denied possession of such tooling, and has suffered damages by reason thereof, for which it seeks recovery from the Third-Party Plaintiffs herein, as alleged in the complaint.”
The third-party plaintiffs contend that the case of B. M. C. Mfg. Corp. v. Tarshis (278 App. Div. 266) requires a denial of this motion. In that case, defendants were to deliver to the plaintiff steel which was to be supplied to the defendants by a third party under an independent agreement. The third party failed to deliver the steel to defendants who thus failed to deliver it to the plaintiff and were sued for breach of contract. It was held that Special Term properly denied a motion to dismiss the third-party complaint. ‘1 A sufficient relationship between the controversies is shown”, stated the Appellate Division of the Third Department, “where it is asserted that the acts of the third party have presently exposed the defendant to the kind of lawsuit in which the third party could be required to answer to the defendant for some of the loss threatened to be adjudicated ” (278 App. Div. 266, 269).
But in that case the breach by the third-party defendant of its contract with the third-party plaintiffs was, or might possibly be held to be, the cause of the breach by the third-party plaintiffs of their contract with the plaintiff. In the instant ease, the breach by the third-party defendant of its alleged agreement with the third-party plaintiffs that the tooling 1 ‘ would remain upon the premises of the Third-Party Defendant and *278 would be delivered to the Plaintiff herein at the premises of the Third-Party Defendant” (emphasis supplied) could not possibly be held to be the cause of the breach charged by the plaintiff to the third-party plaintiff Taffet Radio, i.e., its failure and refusal 1 ‘ ,to deliver said tooling to plaintiff or to make them available for removal by plaintiff from said defendant’s premises ” (emphasis supplied). In other words, neither performance nor breach by the third-party defendant of the agreement which the third-party plaintiffs have alleged against it can in any way affect the liability of the third-party plaintiffs to the plaintiff under the agreement which it has alleged against them. Under such circumstances, the conclusion seems inescapable that the third-party defendant is not one 11 who is or may be liable” to the third-party plaintiffs “ for all or part of the plaintiff’s claim against ” them (Civ. Prac. Act, § 193-a, subd. 1).
Accordingly, the motion is granted with leave to the third-party plaintiffs, if so advised, to serve an amended third-party complaint within 10 days after service of a copy of the order to be entered hereon with notice of entry.