Mario Pittoni, J.
Motion by third-party defendant for an order dismissing the amended third-party complaint under subdivision 4 of rule 106 of the Rules of Civil Practice is granted.
Two prior third-party complaints have been dismissed with leave to amend.
The complaint in the main action, a necessary part of our consideration on this motion to dismiss (Tripp, Guide to Motion Practice [1955--1962 Supp.], p. 63), seeks the recovery of a $2,000 down payment, plus $333.20 for expenses, from the defendant and third-party plaintiff, Sybil B. Graham. This *399 complaint says: that the plaintiffs paid the defendant $2,000 on account of the purchase price on a contract to buy real property located at 67 Stevens Avenue, Hempstead, New York, from the defendant; that the contract required title company approval and insurance; that the Home Title Guaranty Co., hereafter called “ Title Company,” employed by the plaintiff to examine the title, reported that a Federal tax lien had been filed May 16, 1960 against a David Goldberg and M. Maurice Graham, 67 Stevens Avenue, Hempstead, New York, for a withholding tax 1957-1958 for $20,335.62; that M. Maurice Graham was Sybil B. Graham’s husband; that these two owned the premises in 1957 and 1958, when M. Maurice Graham owed $20,335.62 to the Federal Government; that by deed dated August 15, 1957 and recorded April 2, 1958, M. Maurice Graham conveyed the property to his wife, the defendant; that the Title Company thereupon refused to insure title and that, therefore, the defendant, Sybil B. Graham was unable to convey title pursuant to the contract.
The third-party complaint in issue quotes from the title report in stating the same facts as stated in the complaint; recites the Federal tax lien on file in the County Clerk’s office; and also says that this title report was malicious, fraudulent, false, untrue and grossly inaccurate, and that it was “ wantonly intentionally made false and maliciously made.” It goes on to say that the Federal tax lien violated the New York Statute of Frauds; that reference to the Federal tax lien was made with intent to cause the cancellation of the contract of sale; that the Title Company knew that the objection was not correct; that there was no tax liability on the part of Sybil B. Graham; that title to the premises has been rendered unmarketable; that the Title Company and the plaintiffs conspired to acquire the property for the Title Company; and that Sybil B. Graham, the third-party plaintiff, has been damaged in the sum of $25,000, which amount she seeks in this third-party complaint.
The Title Company may not be sued as a third-party defendant because the two controversies are not related by a common question of law or fact (Civ. Prac. Act, § 193-a; Chase Nat. Bank v. Battat, 277 App. Div. 49). The main complaint merely asks for the return of a $2,000 down payment and $333.20 for expenses, because the Title Company’s report shows a Federal tax lien on the property. The third-party complaint, on the other hand, demands damages for $25,000 for Sybil B. Graham’s inability to sell the property, for slander of title based on a malicious, fraudulent and false report, and for a conspiracy between the prospective vendee, the plaintiff, and the Title Company to *400 acquire the property for the Title Company. The amounts demanded in the two complaints, $2,333.20 in the main complaint and $25,000 in the third-party complaint, clearly show that this is not a “ claim over.” Then too, other issues of fact and law, such as alleged malicious, fraudulent and false slander of title and alleged conspiracy between the Title Company and the plaintiff to acquire the property, are not only not part of the main complaint, but are the major issues in the third-party complaint. It follows that the Title Company may not be impleaded under section 193-a of the Civil Practice Act. (Merchants Mut. Ins. Co. v. Valilis, 11 A D 2d 324; Schutrum v. Horton, 272 App. Div. 1086.)
The contested third-party complaint is insufficient as a matter of law. It states that the Title Company in its report under u other encumbrances or defects ” maliciously, recklessly, falsely, etc., quoted the language of the Federal tax lien against M. Maurice Graham, 67 Stevens Avenue, Hempstead, New York, as it appeared on file in the County Clerk’s office. It also states that the Title Company did this as part of a conspiracy to acquire the property for itself. First, the Title Company was the sole judge of the conditions or terms under which it would issue an insurance policy, and it had the right to state the reason (Gilchrest House v. Guaranteed Tit. & Mtge. Co., 277 App. Div. 788, affd. 302 N. Y. 852). Second, since the Federal Government might reasonably prevail in an action to set aside the conveyance from M. Maurice Graham to his wife, especially when such transfers are carefully scrutinized for fraudulent intent, the Title Company was not required to take that chance in its title insurance policy. Third, the bald allegations of malicious, fraudulent, false, deceit, and the allegations of conspiracy to acquire the Graham property are lacking in facts to support them, and are conclusory and insufficient as a matter of law (Kalmanash v. Smith, 291 N. Y. 142, 153; Gerdes v. Reynolds, 281 N. Y. 180, 183).
Twice now, the third-party complaint has been dismissed, with leave to plead over, and with suggested areas of amendment. A third failure to state the required facts raises a presumption that the facts are nonexistent. There comes a time when the complaint must be sufficient or it must be dismissed with finality. It is now dismissed.