William G. Easton, J.
This is a motion by the third-party defendant to dismiss the third-party complaint on the ground that it fails to state a cause of action or in the alternative for summary judgment against the third-party plaintiff thereon on the ground that said third-party action is barred because of collateral estoppel.
The plaintiff, a building contractor, contracted to build a house for the defendant upon defendant’s land, and the plaintiff took from the defendant a conveyance of the land by way of security and began construction. All of this was pursuant to a written contract. A building loan mortgage was secured by the plaintiff from the third-party defendant (bank) from which a “first draw ” had been received, part of which was admittedly demanded by and paid to the defendant by the plaintiff. A dispute arose 'between plaintiff and defendant as to proper performance after construction was partially completed. The plaintiff brings this action in the nature of a foreclosure which seeks a *589 judgment declaring the validity of the bank’s building loan mortgage and a foreclosure sale of the equity in the land to satisfy an alleged balance due from the defendant to the plaintiff. Defendant interposed an amended answer and counterclaims substantially denying that he owed any money to the plaintiff and affirmatively seeking damages against the plaintiff for poor workmanship and deliberate deviation from the contract plans and specifications and for wrongfully obtaining a building loan advance (first draw); also, recovery for alleged damages to trees in and about the premises.
Thereafter, the defendant as third-party plaintiff brought on a third-party action against the bank which is the subject of this motion for dismissal and summary judgment. The only allegation in the third-party action against the third-party defendant (bank) of any importance or relevance is that upon information and belief the bank made an improper and negligent inspection and wrongfully issued the first draw of $10,000, to the plaintiff contractor at a time when the bank allegedly had notice of the plaintiff’s defective workmanship and deviations from the contract and plans and specifications. Of utmost importance to this motion is the WHEREFORE CLAUSE of the third-party complaint which reads as follows:
“ wherefore, the Third Party Plaintiff hereby demands judgment against the Third Party Defendant for a declaratory judgment as f ollows:
1. Declaring the respective interests of the Third Party Plaintiff and the Third Party Defendant.
2. Ordering a discharge of the mortgage and a lifting of the lien of said mortgage on the real property referred to herein by the Third Party Defendant.
3. Declaring that moneys due to the Third Party Defendant by virtue of the building loan agreement, note and mortgage referred to, if due at all, are due from the contractor, Earl R. Howarth, and that nothing is due thereon from the Third Party Plaintiff herein.”
CPLR 1007 provides for third-party actions, the pertinent part of which reads as follows: “ § 1007. When third-party practice allowed. After the service of his answer, a defendant may proceed against a person not a party who is or may be liable to him for all or part of the plaintiff’s claim against him by serving upon such person a summons and third-party complaint and all prior pleadings served in the action.”
CPLR 1007 does not permit a defendant to implead a third party any time the defendant has a cause of action against the third party. It still requires as a condition to impleader that the *590 third party by its acts or omissions has exposed the defendant to liability to the plaintiff. In other words, the third-party complaint must state facts and assert a right of recovery over against the third-party defendant (Desimone v. Burgess Co., 303 N. Y. 930). The third-party complaint does not allege facts which show any right of recovery by the defendant over against the third-party defendant nor does the wherefore clause in the third-party complaint even ask for such relief. Even giving the third-party complaint'the most liberal interpretation to which it is entitled, it is not possible to see how the bank’s actions or nonactions in granting the building loan and issuing a first draw thereon could possibly have caused the defendant to breach his contract with the plaintiff. Since neither performance nor breach by the third-party defendant could in any way affect the liability of the defendant to the plaintiff, the third-party complaint must be dismissed for failure to state a third-party cause of action. (New London Instrument Co. v. Taffet, 38 Misc 2d 276; Briguglio & Gaddy v. Stevenson, 27 Misc 2d 935; Buchanan v. Graham, 38 Misc 2d 398.) In Briguglio & Gaddy v. Stevenson (supra) the court said at page 936: “ This court is of the opinion that the foregoing allegations of the third-party complaint do not spell out a cause of action in which the third-party defendant ‘ is or may be liable to [defendant] for all or part of plaintiff’s claim against him ’ ”. And in Buchanan v. Graham, (supra) a third-party complaint was dismissed at Special Term for its failure to show that it represented a ‘ ‘ claim over ’ ’ against the third-party defendant for any liability which the third-party plaintiff as defendant might suffer in the primary action.
Since there is no allegation or demanded claim that the third-party defendant (bank) may be liable to the third-party plaintiff for all or part of the plaintiff’s claim, it does not state a good cause of action under CPLR 1007. It matters not that the claim arose out of the same set of facts. The liability of the third-party defendant must rise from the liability of the defendant to the plaintiff. Here, it is clear that the third-party claim is not 1 ‘ conditioned on”, does not “ rise from”, and is not “ based upon ” the liability of the defendant to the plaintiff. (Horn v. Ketchum 27 A D 2d 759.)
The motion to dismiss is granted, with costs on the ground that it fails to state an appropriate third-party cause of action. Thus, it is not necessary for this court to consider the motion for summary judgment.