(97 Misc. Rep. 13)

## SOBEL v. LEVY et al.

(Supreme Court, Appellate Term, First Department. October 25, 1916.)

DAMAGES ⨺182—JOINT NEGLIGENCE—SATISFACTION FOR INJURY—EVIDENCE.

In an action for personal injuries arising out of the alleged joint negligence of the employés of a provision company and of another company in the operation of two automobiles, where it appeared that the action had been discontinued as against the latter company, the exclusion of evidence as to whether any money was paid or promised to the plaintiff under the agreement of discontinuance was competent, in view of the conceded rule that plaintiff could have but one satisfaction for the injury.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 473, 500; Dec. Dig. ⨺182.]

Appeal from City Court of New York, Trial Term.

Action by Helen Sobel against Bernard Levy, doing business as the Bronx Provision Company, and George A. Hearn and others, copartners under the firm name of James A. Hearn & Son. From a judgment of the City Court of the City of New York in favor of plaintiff entered upon the verdict of a jury, Bernard Levy, etc., appeals. Judgment reversed, and new trial granted.

Argued October term, 1916, before GUY, BIJUR, and SHEARN, JJ.

Sidney J. Loeb, of New York City, for appellant Levy.

Breitbart & Breitbart, of New York City (George F. Hickey, of New York City, of counsel), for respondent.

BIJUR, J. Appellant Levy and James A. Hearn & Son were sued for damages for personal injuries arising out of an alleged joint tort, namely, the negligence of their respective employés in the conduct of two automobiles.

It developed at the trial that the action had during the course thereof been discontinued as against Hearn & Son. Appellant Levy was permitted to ask plaintiff's counsel whether the discontinuance was under an agreement with the attorney of Hearn & Son, to which an affirmative answer was given. He then asked:

"Will you tell us whether under that agreement any sum of money was paid or promised to be paid to plaintiff?"

An objection to this question was sustained and appellant's counsel excepted. Objections to two other questions to the same general effect were similarly sustained.

As I understand respondent's brief, he concedes that plaintiff could have but one satisfaction for his injury. He does not answer appellant's claim that the amount, if any, received from one of the joint tortfeasors, should be taken into account by the jury in its award of damages.

It is evident, therefore, that the testimony excluded was relevant, material, and competent, and that its exclusion constituted such important error as that the judgment must be reversed and a new trial granted, with costs to appellant to abide the event. All concur.

⨺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes