EDGAR BLAUVELT, Plaintiff, *v.* VILLAGE OF NYACK and Another, Defendants.

Supreme Court, Rockland County, September 28, 1931.

*Edwin A. Jones*, for the plaintiff.

*Watts, Oakes & Bright*, for the defendant village of Nyack.

*William E. Lowther*, for the defendant Jupp.

WITSCHIEF, J. The plaintiff was a passenger in an automobile driven by the defendant Jupp, and claims to have sustained injuries as the result of the negligence of the village of Nyack in permitting a depression to exist in a village street, and by reason of the negligence of the defendant Jupp in the operation of the automobile.

After joining issue, the defendant village settled with the plaintiff and paid him $8,000, receiving a general release reserving the plaintiff's cause of action against the defendant Jupp.

A stipulation discontinuing the action as against the village of Nyack is filed in the county clerk's office in Rockland county.

The defendant Jupp moves to set aside the stipulation and for a direction that the action proceed against both defendants, claiming that under section 211-a of the Civil Practice Act the defendant Jupp has a right of contribution against the village of Nyack in case a joint verdict is rendered against both defendants.

Most of the cases interpreting section 211-a of the Civil Practice Act have been decided in the Fourth Department.

The leading case in that department is *Haines* v. *Bero Engineering Const. Corp.* (230 App. Div. 332). In that case it was held that the opportunity of a defendant to utilize the right of contribution conferred by section 211-a of the Civil Practice Act did not depend solely upon the will of the plaintiff.

So, in *La Lone* v. *Carlin* (139 Misc. 553), it was held that a motion to bring in a joint tort feasor as a party defendant should be granted, notwithstanding the plaintiff had settled with such joint tort feasor and had covenanted not to sue him; that the right to contribution granted by section 211-a of the Civil Practice Act cannot be defeated by an agreement to which the defendant upon whom such right is conferred is not a party.

Another phase of the question is presented in *Dee* v. *Spencer* (233 App. Div. 217), in which case plaintiff's counsel exculpated one joint tort feasor in his summation, and the court charged the jury that no verdict might be returned against that defendant. This was held error, since the right of contribution, under section 211-a of the Civil Practice Act, is a substantial one, not at the whim of a plaintiff, but one which the courts may enforce against the will of the plaintiff.

In *Fox* v. *Western New York Motor Lines, Inc.* (232 App. Div. 308),* it was held that the right of contribution arises forthwith when a joint tort occurs and continues as long as the injured person's right to compensation remains undischarged, even though unenforcible as the result of the agreement.

The only distinction between that case and the case under consideration is that the joint tort feasor in the *Fox* case was brought in on motion and moved to dismiss the answer on the ground of the release; whereas, in the case under consideration, both joint tort feasors were made parties defendant by the plaintiff.

The plaintiff has settled his case against the defendant village, but, under the authorities which it is deemed should be followed, in the absence of any other ruling in this department or in the Court of Appeals, has not thereby defeated the right of the codefendant of the village to contribution from the village in case of a joint judgment.

* Revd., 257 N. Y. 305.

In other words, the defendant village has settled for its liability to the plaintiff, but not for its liability to its codefendant.

The plaintiff may not collect from the village of Nyack any part of any verdict which may be rendered in favor of the plaintiff upon the trial.

The amount which the plaintiff has received from the village of Nyack may be proven upon the trial of the action in mitigation of amages. (*Ammerman* v. *Utilities Oil Corp.*, 222 App. Div. 481; *obel* v. *Levy*, 97 Misc. 13.)

The jury will first determine the whole amount of the plaintiff's damages, and will then deduct therefrom the sum of $8,000, which the plaintiff has already received. If there is no remainder, the verdict will be for the defendants.

If the jury find that the plaintiff's damages exceed the sum of $8,000, a verdict for such excess should be found against both defendants.

If the amo nt of the excess so found by the jury does not exceed $8,000, the efendant village of Nyack, having already contributed its one-half of the amount of the plaintiff's damages, may not be called upon to contribute further.

If the excess thus found by the jury exceeds $8,000, and such verdict is paid by the defendant Jupp, he will be entitled to contribution from the village of Nyack to the extent of one-half of the excess over $8,000.

There is thus no difficulty in adjusting the rights and equities of the parties under section 211-a of the Civil Practice Act, but the result of this ruling discloses the futility of a separate settlement by a joint tort feasor.

By effecting a separate settlement, a joint tort feasor prevents the rendition of a joint verdict by a jury to the amount of the settlement, and thereby loses the right of contribution to that extent under section 211-a of the Civil Practice Act.

The public policy which favors settlement of litigation must give way to the legislative act which is presumably declarative of the public policy of the State. Moreover, the settlement between the plaintiff and the defendant village does not terminate the litigation, since the action continues against the codefendant of the village.

The additional liability which is imposed upon the village by the ruling upon this motion is not a liability to the plaintiff with whom the village has settled; the liability imposed by the ruling upon this motion is the liability of the village to its codefendant, which liability has not been discharged by the village.

Motion granted, with ten dollars costs.