HARRY and IDA PIRATENSKY and MORRIS ROSEN, Plaintiffs, *v.* SAMUEL WALLACH and JACOB WOFSY, Defendants.

City Court of New York, Trial Term, Bronx County, March 1, 1935.

*Jenkins, Dimmick & Finnegan* [*St. Clair X. Hertel* of counsel], for the motion.

*William E. Lowther* [*Edward A. Harmon* of counsel], opposed.

EVANS, J. Plaintiffs sued defendants for personal injuries arising out of an automobile collision. Without consulting defendant Wallach, defendant Wofsy settled his case with plaintiffs. Then the cause came on for trial as against Wallach, and upon the trial Wallach first learned of the settlement. The cause was not formally discontinued as against Wofsy. But, since the settlement had in fact been made, the cause was submitted to the jury only as against Wallach, and against him the jury found a verdict, upon which a judgment has been entered.

Now defendant Wallach moves to amend the judgment so as to include Wofsy, and wishes that the judgment read as if it were a joint judgment against Wallach and Wofsy. If that is done, then Wallach may obtain contribution from Wofsy, by virtue of section 211-a of the Civil Practice Act.

Outside of *Blauvelt* v. *Village of Nyack* (141 Misc. 730), I know of no authority that would support this motion, and I think that case has been definitely overruled.

Merely because a person is a joint tort feasor, and might be brought in, as such, by plaintiff, and made liable for contribution, furnishes no ground for another defendant to bring in the joint tort feasor as an additional party defendant, under subdivision 2 of section 193 of the Civil Practice Act. (*Fox* v. *Western New York Motor Lines*, 257 N. Y. 305; *Booth* v. *Carleton Co., Inc.*, 236 App. Div. 296.) Not only has this been settled law, but if a plaintiff joins several tort feasors, and a jury exculpates any one of them from the charge of negligence, the others may not complain thereof, even by way of appeal. (*Price* v. *Ryan*, 255 N. Y. 16; *Ward* v. *Iroquois Gas Corp.*, 258 id. 124.) The right of contribution depends upon plaintiff having a cause of action against defendant from whom contribution is sought. (*Ackerson* v. *Kibler*, 232 App. Div. 306.) Not only that, but defendant seeking contribution must first pay the judgment before the right to contribution arises. In view of all these established principles, I do not see what right Wallach has to compel that Wofsy be joined in the judgment. Aside from

that, I cannot see how a judgment can be entered against Wofsy without some kind of a determination as to his negligence, either by trial or by inquest. That has not been done, and, if the motion is granted, Wofsy will have been adjudged guilty of negligence without any proper tribunal making such a determination.

It seems to me that it still remains within the complete control of a plaintiff to join or not to join joint tort feasors, and, after joinder, to discontinue or settle with any of them, at any stage of the proceeding, without consulting other joint tort feasors. The rights of joint tort feasors, as against each other, do not arise until the entry of judgment against them, and the payment thereof. Subdivision 2 of section 193 and section 211-a of the Civil Practice Act have not changed the law in that respect. The motion is, therefore, denied.