ALVIN NAPACK, as Agent for PAULINE NAPACK, Doing Business under the Name of GENERAL SYSTEMS SERVICE, Plaintiff, *v.* MORRIS GRUDMAN et al., Defendants and Third Party Plaintiffs. LITMAN BROS. CORP. et al., Third Party Defendants.

Supreme Court, Special Term, New York County, September 22, 1947.

*George D. Weinstein* for Henlee Sales Co., third party defendants.

*Edward H. Freiberger* for Lipman Bros. Corp., third party defendants.

*David Marcus* for Murray Grubman and another, defendants and third party plaintiffs.

*John M. Crane* for plaintiff.

PECORA, J. Motion to dismiss the third party complaint pursuant to subdivision 4 of section 193-a of the Civil Practice Act, is granted. The complaint of plaintiff is based upon fraud. If plaintiff establishes that the third party plaintiffs were guilty of a conspiracy to defraud by falsely representing that they were selling him newsprint, when in fact he received waste paper or newswrap, the third party defendants would not be liable over under the allegations of the third party complaint. In the memorandum submitted by third party plaintiffs it is said that the third party complaint states a cause of action for "a breach of contract for the sale of merchandise". A reading of the pleading discloses a rather strange way to plead such a cause of action. Interwoven in its allegations are charges of breach of warranty and references to allegations of the plaintiff's complaint. Except that some of the paper which found its way into plaintiff's hands came from the third party defendants, the causes of action contained in the complaint and the third party complaint are in no way related. There are no common questions of law or fact in both controversies. To permit the third party complaint to stand here would only result in confusion and unnecessary prejudice to the third party defendants. It is not necessary to have the presence of the third party defendants in this action for a complete determination of the controversy between plaintiff and defendants. There must be more than the mere desire of a party to inject another into an action in

order to permit impleader under section 193-a of the Civil Practice Act. The relation to the controversy must be direct and involve questions common to both controversies. Otherwise the purpose of the section is destroyed, and instead of clarification and avoidance of multiple actions, the result is confusion and complication.

The other two bases for dismissing the third party complaint are not discussed further except to state that the court has examined the contentions and finds that the pleading improperly joins both third party defendants in one cause of action without any allegations showing joint liability.

The motion is granted without prejudice to the third party plaintiffs' commencing an independent action. Settle order.