CATHERINE MONTEVERDI, as Administratrix of the Estate of JOHN MONTEVERDI, Deceased, Plaintiff, *v.* FRENCH REALTY CORP. et al., Defendants.

FRENCH REALTY CORP., Third Party Plaintiff, *v.* NATHAN HERSH et al., Copartners Doing Business under the Name of BROOKLYN BLOWER & PIPE CO., Third Party Defendants.

ABE LAZAROWITZ et al., Third Party Plaintiffs, *v.* BROOKLYN BLOWER & PIPE CO., Third Party Defendant.

Supreme Court, Special Term, Kings County, November 26, 1947.

*Feltenstein & Rosenstein* for plaintiff.

*Louis Horwitz* for French Realty Corp., defendant and third party plaintiff.

*Frederick Mellor* for Abe Lazarowitz and others, defendants and third party plaintiffs.

*Bernard Katzen* for third party defendants.

WENZEL, J.  In an action for wrongful death brought against French Realty Corp., the landlord of certain premises where the accident took place, and Abe Lazarowitz, Morris Zelenetz, Joseph Cohen and Sam Skutel, the lessees of said premises, both the landlord and said tenants have impleaded Brooklyn Blower & Pipe Co. for the purpose of having its liability to them determined for all or part of the judgment for which they respectively may be held liable to the plaintiff.

While in the landlord's third party complaint, Brooklyn Blower & Pipe Co., the third party defendant, has been sued as a domestic corporation, the third party complaint of the individual defendants alleges that the said third party defendant is a partnership consisting of Nathan Hersh and Morris Spector. This discrepancy is not presently before the court.  The third party defendants have separately moved to dismiss the third party complaints interposed by the landlord and the tenants respectively, solely upon the ground that they fail to state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106, subd. 5).  The plaintiff has moved to dismiss the third party complaints on the ground that the two controversies have nothing in common, either in law or in fact, or in the alternative that they should be severed as they would needlessly encumber the trial of the original action with issues foreign to it, to the prejudice of the plaintiff and to the claims asserted by the third party plaintiffs (Civ. Prac. Act, § 193-a, subd. 4).

The gist of the plaintiff's complaint is that the defendants were negligent in that while the decedent was, on or about November 16, 1946, an invitee in the building, they so negligently, carelessly and recklessly conducted themselves in the management, operation, maintenance, upkeep and repair of the building aforesaid as to cause and/or suffer a large quantity

of finely divided matter of high degree of combustibility to be accumulated and then released and/or discharged at or near or in conjunction with the presence of an open flame in violation of rules, statutes and ordinances in such cases made and provided, in that the defendants negligently, carelessly and recklessly directed the deceased above named into an area of potential danger after deliberately and effectually concealing or withholding knowledge of the potential of such danger from him and/or misleading him into the belief that said potential for danger had been theretofore eliminated, and in otherwise negligently, carelessly and recklessly conducting themselves in the premises, by reason of all of which an explosion took place and a fire broke out, causing the deceased to be burnt, as a direct result of which he died.

The third party complaints are identical with the exception of the discrepancy as to the entity of the third party defendants, which has already been adverted to. It is there alleged that on or about August 6, 1946, the third party defendants entered into a contract with the landlord, the third party plaintiff French Realty Corp., for the installation and construction of a dust removal system in the premises; that subsequently and on or about November 16, 1946, while the third party defendants, by their agents, servants and employees, were upon the premises carrying out the provisions of said contract, a fire occurred, as a result of which plaintiff's intestate was injured, which injuries resulted in his death. There is then a reference to the material allegations of plaintiff's complaint, followed by an allegation that the injuries sustained by the intestate, and his resulting death, were caused by the negligence of said third party defendants, their agents, servants and employees, "and also as a result of a breach of the contract heretofore set forth herein, and not as a result of any negligence on the part of the third-party plaintiff contributing thereto, and if any judgment is recovered by the plaintiff against the third party plaintiff herein, pursuant to the allegations of the complaint hereto annexed, this third party plaintiff claims indemnity over and against said third-party defendants * * *."

While the revised third party practice as embraced in new section 193-a of the Civil Practice Act has eliminated the requirement of identity between the main and the second controversies (see *Nichols* v. *Clark, MacMullen & Riley, Inc.*, 261 N. Y. 118), and it is no longer necessary to make out a prima facie case of liability against the third party, a mere likelihood of liability being sufficient (*Franklin E. Tyrell, Inc.*, v. *Vahlsing*,

69 N. Y. S. 2d 602, 605; *Salzberg* v. *Raynay Holding Corp.*, 188 Misc. 1009, 1011), impleader will not be permitted, unless the two controversies involve substantial questions of fact or law common to both controversies and the third party be a person who may be liable *over* for all or part of the plaintiff's recovery (*Wolf* v. *La Rosa & Sons, Inc.*, 272 App. Div. 932; *Van Pelt* v. *City of New York*, 188 Misc. 995). In other words, the two controversies must have some connection with each other and involve common questions of fact or law (*Napack* v. *Grubman*, 190 Misc. 718), and the third party must have the obligation of exonerating or reimbursing the defendant (third party plaintiff) for all or part of the plaintiff's recovery against him; a joint tort-feasor is not such a person in view of the provisions of section 211-a of the Civil Practice Act, which makes contribution dependent upon the recovery of a joint judgment against the tort-feasors and the payment by one of more than his prorata share of such judgment (*Mills* v. *City of New York*, 189 Misc. 291).

The loosely drawn third party complaints here challenged contain no facts from which liability over, as distinguished from liability of joint tort-feasors, can be spelled out. As presently pleaded the facts constituting the breach of the contract with the third party are absent and the mere conclusory allegation that there was a breach does not connect it with the accident described in the main action. As to the common-law indemnity aspect of the third party complaints, the allegations of negligence are likewise barren of any facts to substantiate the legal conclusions. It follows that said third party complaints are legally insufficient and must be dismissed.

The situation here presented, however, may involve a proper case for the trial of both controversies at the same time, without prejudice to any party and with a minimum confusion of issues if a properly pleaded third party complaint is served. Accordingly, the third party plaintiffs will be given leave to amend their pleadings within ten days after the service of a copy of the orders hereon, and the plaintiff's motion will be denied, without prejudice to renewal after such service.

Submit orders.