PAUL LOMAUR et al., Copartners Doing Business under the Name of LOMAUR CLOTHES, et al., Respondents, v. THEO-DOR REALTY CORP. et al., Appellants.— Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Peck, P. J., Glennon, Cohn and Van Voorhis, JJ.

PAUL LOMAUR et al., Copartners Doing Business under the Name of LOMAUR CLOTHES, et al., Respondents, v. THEO-DOR REALTY CORP. et al., Appellants.— Order denying defendants' motion to compel plaintiffs to separately state and number their causes of action unanimously reversed, with $10 costs and disbursements to the defendants-appellants, and the motion granted. No opinion. Settle order on notice. Present — Peck, P. J., Glennon, Cohn and Van Voorhis, JJ.

## SECOND DEPARTMENT, DECEMBER, 1947.
### (December 1, 1947.)

WILLIE CLOUD, Plaintiff, v. GEORGE J. MARTIN et al., Defendants, and Third Party Plaintiffs-Respondents. ADRIAN A. HENIGSON, Third Party Defendant-Appellant.— In an action in negligence, the plaintiff was a passenger in defendants' automobile. His complaint alleges negligent operation by the defendant driver, causing the automobile to strike another vehicle, resulting in personal injuries to plaintiff. Defendants answered and served a third party complaint on the appellant, under section 193-a of the Civil Practice Act, alleging that the appellant had loaded lumber on to the defendants' automobile in such a way that parts of it projected over the side of the automobile, without the defendant driver's knowledge; that upon leaving appellant's lumber yard and on the highway, the projecting lumber struck a parked truck, and as a result plaintiff was injured. It is further alleged that the defendant driver was operating the car carefully and lawfully; and that if plaintiff recovers from defendants for his injuries, the appellant is liable over to defendants. Appellant answered and moved to dismiss the third party summons and complaint. Order denying the motion reversed on the law, with $10 costs and disbursements, and the motion granted, with $10 costs. Notwithstanding the amendment to the Civil Practice Act by the addition of section 193-a (L. 1946, ch. 971), the basic principle remains that impleader is limited to the prosecution of a "claim over." (Fox v. Western New York Motor Lines, Inc., 257 N. Y. 305.) No such claim exists where, as here, the liability of defendants to the plaintiff will not be fixed except upon a finding that the defendant driver was negligent in the operation of the automobile. Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.