Max Hirsch, Plaintiff, *v.* Monroe Schiffman, Defendant and Third-Party Plaintiff. Johnsons Warehouses, Inc., Third-Party Defendant.

Supreme Court, Special Term, Kings County, December 4, 1950.

*Benjamin Feldman* for defendant and third-party plaintiff.

*Emanuel D. Finkelman* for plaintiff and third-party defendant.

ARKWRIGHT, J. Plaintiff and the third-party defendant, Johnsons Warehouses, Inc., make two motions: (1) to dismiss the third-party complaint on the ground that the same does not state facts sufficient to constitute a cause of action as a third-party complaint, and (2) to dismiss the third-party complaint on the ground that its interposition will unduly prejudice the plaintiff and will unduly delay the determination of the main action; and further, that the provisions of section 193-a of the Civil Practice Act are not available to the defendant, third-party plaintiff.

The following is a resumé of the pleadings: Plaintiff Hirsch instituted an action against defendant Schiffman to recover a balance of $1,500 allegedly due on a $2,000 loan made by the former to the latter. The answer of defendant denies the material allegations of the complaint but admits that plaintiff advanced to him the sum of $2,000, and that the sum of $500 was returned to the plaintiff. The answer also contains a first affirmative defense and a second affirmative defense and counterclaim.

The first affirmative defense alleges in substance that pursuant to an agreement between the parties, plaintiff advanced to defendant $2,000 for professional services rendered and to be rendered in several matters of litigation and, that at plaintiff's special instance and request, defendant returned to plaintiff the sum of $500.

The second affirmative defense and counterclaim alleges that plaintiff retained defendant as his attorney to represent *plaintiff and his interests* in various matters; that plaintiff agreed to advance to defendant the sum of $2,000 for legal services rendered and to be rendered; that defendant rendered professional services of the fair and reasonable value of $2,000, and disbursed $200 for expenses; that plaintiff is entitled to a credit of $1,500 and that there is a balance due to defendant of $700, for which sum he seeks judgment.

After issue was joined in the principal action defendant Schiffman served a so-called " third-party complaint " upon Johnsons Warehouses, Inc. In that pleading Schiffman alleges the service upon him of plaintiff's summons and complaint in the main action and incorporates same by reference. It is further alleged that Hirsch and Johnsons Warehouses, Inc., *jointly* retained Schiffman to represent them as their attorney in various matters and that Hirsch agreed to advance to Schiffman $2,000 for legal services rendered and to be rendered and for expenses; that Schiffman rendered professional services of

the fair and reasonable value of $2,300 and made disbursements in the sum of $285.46, making a total of $2,585.46, and after deducting from the latter sum $1,500 paid on account by Hirsch and Johnsons Warehouses, Inc., there was a balance due of $1,085.46. That Hirsch in his complaint has alleged that the advance heretofore set forth was a loan from him to Schiffman. Then the so-called third-party complaint alleges: "13. That if the allegations of the plaintiff's complaint are established and in the event the plaintiff receives a judgment against the defendant then and in that event the third party plaintiff is entitled to judgment against the third party defendant in the sum of $2,585.46. 14. That by reason of the aforesaid the third party defendant is primarily liable for any judgment that may be recovered by the plaintiff against the defendant. 15. That there are mutual questions of law and fact which necessitate the addition of third party defendant to this action. 16. That a proper disposition of all the rights of the parties hereto cannot be had without the addition of the third party defendant hereto."

Section 193-a of the Civil Practice Act allows a defendant to " bring in a person not a party to the action, who is or may be liable to him for all or part of the *plaintiff's* claim against him " and the claim of the third party defendant " must be related to the main action by a question of law or fact common to both controversies ". (Italics supplied.) In other words, the two controversies must have some connection with each other and involve common questions of fact or law, and the third party must have the obligation of exonerating or reimbursing the defendant (third-party plaintiff) for all or part of plaintiff's recovery against him. The basic underlying principle is that impleader is limited to the prosecution of a " claim over " (see Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 192–217; *Cloud* v. *Martin,* 273 App. Div. 769, and *Napack* v. *Grubman,* 190 Misc. 718).

Plaintiff in the main action herein seeks to recover a sum of money allegedly loaned by him to defendant. The defendant's claim against Johnsons Warehouses, Inc., is predicated upon a joint agreement by the plaintiff and the third-party defendant with the defendant to pay for professional services rendered. The two controversies are not related by any common question of fact or law.

From the foregoing analysis of the pleadings, it is clear that the allegations of the " third party complaint " are insufficient to set forth a good cause of action for a claim of indemnity against the impleaded defendant.

In final analysis the pleading under attack is not a " third party complaint "; that characterization is a misnomer, for the reason that the situation herein discloses simply a resort to the practice whereby pursuant to section 271 of the Civil Practice Act a defendant in an action may set up a counterclaim against a plaintiff " along with any other." The present situation is not a case where, pursuant to the provisions of section 193-a of the Civil Practice Act, the defendant (as third-party plaintiff) seeks indemnity against another person (as third-party defendant).

However, construing the pleading in question liberally with a view to substantial justice between the parties (Civ. Prac. Act, § 275), the allegations thereof set forth facts sufficient to constitute a counterclaim in favor of the defendant against the plaintiff along with Johnsons Warehouses, Inc., within the purview of section 271 of the Civil Practice Act.

Rather than dismiss the mislabeled " third party complaint," the pleading is construed as a counterclaim duly served within the purview of section 271 of the Civil Practice Act, the defendant Johnsons Warehouses, Inc., is granted twenty days within which to serve a reply thereto.

The motions are, therefore, denied.

Settle orders on notice.