CHARLES McFALL, Respondent, v. COMPAGNIE MARITIME BELGE (LLOYD ROYAL) S. A. et al., Appellants, et al., Defendants. COMPAGNIE MARITIME BELGE (LLOYD ROYAL) S. A. et al., Defendants and Third-Party Plaintiffs-Appellants, v. BUNGE CORPORATION, Third-Party Defendant-Respondent. BUNGE CORPORATION, Third-Party Defendant and Third-Party Plaintiff-Appellant, v. Dow CHEMICAL COMPANY, Third-Party Defendant-Respondent. Dow CHEMICAL COMPANY, Third-Party Plaintiff-Appellant, v. TRANSOCEANIC TERMINAL CORPORATION, Third-Party Defendant-Respondent. COMPAGNIE MARITIME BELGE (LLOYD ROYAL) S. A. et al., Defendants and Third-Party Plaintiffs-Respondents, v. TRANSOCEANIC TERMINAL CORPORATION, Third-Party Defendant-Appellant. COMPAGNIE MARITIME BELGE (LLOYD ROYAL) S. A. et al., Defendants and Third-Party Plaintiffs-Respondents, v. Dow CHEMICAL COMPANY, Third-Party Defendant-Appellant.— The judgment, as amended, in the primary action in favor of the plaintiff is modified by affirming that judgment as against the defendants Compagnie Maritime Belge (Lloyd Royal) S. A. Atlantic Overseas Corporation, there being no basis for imposing liability on that defendant which acted as the agent of the steamship company. The judgment and the Dow Chemical Company; and by reversing it as against defendant, as amended, dismissing the third-party complaint of Compagnie Maritime Belge (Lloyd Royal) S. A. and Atlantic Overseas Corporation against the third-party defendant Bunge Corporation is affirmed. The judgment, as amended, dismissing the third-party complaint of Bunge Corporation against the third-party defendant the Dow Chemical Company is affirmed. The judgment, as amended, dismissing the third-party complaint of the Dow Chemical Company against the third-party defendant Transoceanic Terminal Corporation is affirmed. The judgment, as amended, on the third-party complaint of Compagnie Maritime Belge (Lloyd Royal) S. A. and Atlantic Overseas Corporation against the third-party defendants the Dow Chemical Company and Transoceanic Terminal Corporation is reversed and those complaints dismissed on the merits. All of the parties referred to were joint tort-feasors and there is no basis in fact or in law for recovery over by one of the joint tort-feasors against any of the others (cf. *Tipaldi* v. *Riverside Memorial Chapel*, 273 App. Div. 414; *Schwartz* v. *Merola Bros. Constr. Corp.*, 290 N. Y. 145; and *Semanchuck* v. *Fifth Ave. & 37th St. Corp.*, 290 N. Y. 412). The various appeals taken by the different parties in interest are disposed of in accordance with the foregoing determination with one bill of costs to the successful parties. Present — Peck, P. J., Glennon, Cohn, Callahan and Shientag, JJ.; Peck, P. J., dissents in the following memorandum: Apparently the jury found that the primary cause of the injury to plaintiff was the combined negligence of the

defendant Dow in supplying inadequate or defective drums and of the third-party defendant Transoceanic in mishandling the drums in loading on the ship, making them joint tort-feasors, and that the negligence of the steamship company and its agent was passive. Such a finding is supportable in the evidence and would justify the verdict. I therefore dissent and vote to affirm. Settle order on notice.