### NEIMAN–MARCUS CO. et al. v. LAIT et al.

United States District Court
S. D. New York.
April 16, 1953.

See also 13 F.R.D. 311.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for plaintiffs, Samuel J. Silverman, William L. McGovern, Washington, D. C., of counsel.

Fischbach & Crowe, New York City, for defendants Lait and Mortimer, Hyman I. Fischbach, Vincent J. Crowe, Julian A. Jackson, New York City, of counsel.

Townley, Updike & Carter, New York City, for defendants Crown Publishers, Inc., Nathan Wartels, Edward C. Dalafield, Lester Wartels and Robert Simon, James W. Rodgers, Andrew L. Hughes, New York City, of counsel.

Weisman, Cellar, Allan, Spett & Sheinberg, New York City, for defendants American Book Stratford Press, Inc., and Sidney Satenstein, Adolph Kaufman, New York City, of counsel.

DIMOCK, District Judge.

In this libel action defendants Lait and Mortimer move (1) to vacate a notice by plaintiffs that they dismiss the action against the other defendants, and (2) to strike out the third amended complaint and stay all proceedings founded on it.

Plaintiffs and the other defendants oppose the motion.

None of the defendants have answered.

The third amended complaint followed the notice of partial dismissal in that it eliminated any claims against the defendants as to whom the notice purported to dismiss.

A partial dismissal cannot be effected by mere notice. Rule 41(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., relied upon as authority for such a dismissal by that means, permits it only where the subject is an entire action as distinguished

from a claim against one or more but less than all of the defendants. Otherwise a court order is necessary. Harvey Aluminum, Inc. v. American Cyanamid Co., 2 Cir., 203 F.2d 105. The notice of dismissal is therefore vacated.

■ The part of the motion seeking a stay of proceedings cannot, however, be so simply disposed of. The moving defendants' position is that, if effect is given to plaintiffs' desire to eliminate the opposing defendants, the moving defendants will be deprived of a right of contribution. I understand that, to support the application for the stay, they say that the taking of any proceedings without notice to the opposing defendants and without giving them an opportunity to participate, might jeopardize this right of contribution.

If the other defendants are to be eliminated anyway and the hope of contribution thus destroyed, it will do no harm to proceed in this action without giving them notice and an opportunity to participate. In that event a stay will be unnecessary.

The opposing defendants will eventually be eliminated. They have settled the plaintiffs' claims against them so that the only opposition will come from the moving defendants and that opposition is unfounded.

■ It is urged upon me against the application for the stay that it has become the law of the case that the moving defendants have no right to hold their co-defendants in as parties. It is said that the moving defendants asserted their right to contribution when arguing against approval of the settlement between the opposing defendants and certain of the plaintiffs who are infants or class representatives. I agree that by Judge McGohey's grant of approval it has become the law of the case that the moving defendants have no right to hold the opposing defendants in the suit in order to preserve any right of contribution.

It is not, however, necessary to rely on the doctrine of the law of the case as an independent proposition. The unsoundness of the moving defendants' position is clear.

■ The author and publisher of a libel are equally responsible and jointly and severally liable to the person libeled. Seelman, The Law of Libel and Slander in the State of New York, 1941 ed., Par. 141 et seq., p. 126.

■ At common law, there is no right of contribution between joint tort-feasors at any stage of the proceedings. Peck v. Ellis, 2 Johns.Ch. 131; Epstein v. Nat. Transportation Co., 287 N.Y. 456, 458, 40 N.E.2d 632; Ward v. Iroquois Gas Corp., 258 N.Y. 124, 179 N.E. 317; Fox v. Western New York Motor Lines, Inc., 257 N.Y. 305, 178 N.E. 289, 78 A.L.R. 578; McFall v. Compagnie Maritime Belge, 278 App. Div. 652, 102 N.Y.S.2d 1001.

■ The only basis for contribution between joint tort-feasors under the law of this state is by statute. Section 211–a of the Civil Practice Act provides:

"§ 211–a. *Action by one joint tort-feasor against another.* Where a money judgment has been recovered jointly against two or more defendants in an action for a personal injury or for property damage, and such judgment has been paid in part or in full by one or more of such defendants, each defendant who has paid more than his own pro rata share shall be entitled to contribution from the other defendants with respect to the excess so paid over and above the pro rata share of the defendant or defendants making such payment; provided, however, that no defendant shall be compelled to pay to any other such defendant an amount greater than his pro rata share of the entire judgment. Such recovery may be had in a separate action; or where the parties have appeared in the original action, a judgment may be entered by one such defendant against the other by motion on notice."

It is clear from this section that two conditions must be present before the "right" to contribution will attach. First, a joint judgment must have been recovered against the defendants in question and, second,

the defendant seeking contribution must have paid more than his pro rata share.

Here, since neither of the statutory conditions exists, moving defendants have not, by virtue of the statute, any right to contribution.

■ An illustration of the non-existence of this "right" of contribution is the principle that a joint tort-feasor not sued by plaintiff cannot be impleaded by a sued defendant. Fox v. Western New York Motor Lines, Inc., 257 N.Y. 305, 178 N.E. 289, 78 A.L.R. 578; Cloud v. Martin, 273 App.Div. 769, 75 N.Y.S.2d 1; Monteverdi v. French Realty Corp., 190 Misc. 304, 307, 75 N.Y.S.2d 69; Brown v. Cranston, 2 Cir., 132 F.2d 631, certiorari denied 319 U.S. 741, 63 S.Ct. 1028, 87 L.Ed. 1698.

■ The Court of Appeals, in the Fox case, supra, overruled all prior inconsistent holdings and made it clear that the only right to contribution among joint tort-feasors is statutory and does not arise until a joint judgment is entered against both. That Court said, 257 N.Y. at page 308, 178 N.E. at page 289:

"The conditions stated in this section [211–a C.P.A.] must exist before the right to contribution is given. The two or more defendants must be parties to the action at the suit of the plaintiff, and a money judgment must have been recovered jointly against them. Under such circumstances, the payment of the entire amount of the judgment by one of the judgment debtors gives him the right to collect the *pro rata* share from the other defendant or defendants."

Three inconsistent decisions in New York were decided prior to the decision of the Court of Appeals in the Fox case and must be considered overruled. Blauvelt v. Village of Nyack, 141 Misc. 730, 252 N.Y.S. 746; Dee v. Spencer, 233 App. Div. 217, 251 N.Y.S. 311; LaLone v. Carlin, 139 Misc. 553, 247 N.Y.S. 665.

Since 1931, however, the rule of the Fox case has been consistently followed by the New York courts, and it continued to apply under the 1946 amendment to the impleader statute. See cases cited in 11 A.L.R.2d 234.

In Piratensky v. Wallach, 162 Misc. 749, at page 751, 295 N.Y.S. 581, at page 583, the court said:

"It seems to me that it still remains within the complete control of a plaintiff to join or not to join joint tort-feasors, and, after joinder, to discontinue or settle with any of them, at any stage of the proceeding, without consulting other joint tort-feasors. The rights of joint tort-feasors, as against each other, do not arise until the entry of judgment against them, and the payment thereof."

Since the moving defendants have no right to have the opposing defendants retained as parties to the action so as to preserve any right of contribution, and since the opposing defendants will be eliminated of record before any judgment herein, it will do no harm to proceed in their absence. The application for the stay is therefore denied.

For the present I shall not act upon the application for a dismissal of the third amended complaint. The approval of the dismissal as to the opposing defendants by a court order will render the existing complaint completely appropriate and such an order may be entered nunc pro tunc as of a date prior to the service of that complaint.

The application to vacate the notice is granted.

Decision is reserved upon the application for a dismissal of the third amended complaint.

The application for a stay is denied.

The stay contained in the order to show cause bringing on the motion is dissolved.