Harry E. ROBERTSON, Raymond E. Norris, Hamilton C. Martin, and Amos Holcombe, Plaintiffs,

v.

LIMESTONE MANUFACTURING COMPANY, a corporation, Elbert Moore, Monk Gentry, Tom Maynard, Johnny Martin, Jack Scruggs, George Gillman, Francis Cook, ———— Queen, Jack Tumbling, Jake Parker, Charles Cole, and A through Z, all employees of the Defendant, Limestone Manufacturing Company, Defendants.

Civ. A. No. 1950.

United States District Court
W. D. South Carolina,
Spartanburg Division.

Feb. 21, 1957.

James J. Raman, Spartanburg, S. C., Benjamin Wyle, New York City, for plaintiffs.

A. F. Burgess, Wyche, Burgess & Wyche, Greenville, S. C., for defendants.

WILLIAMS, District Judge.

The summons and complaint in the above-entitled action was filed in the office of the Clerk of the United States District Court for the Western District of South Carolina on March 28, 1956. It is brought in said court on the ground of diversity of citizenship upon the allegation that all the plaintiffs are citizens of North Carolina and all the defendants are citizens of South Carolina. The complaint seeks injunctive relief, preliminary and permanent, to enjoin the named defendants and all other employees of the corporate defendant, Limestone Manufacturing Company, from interfering with the plaintiffs or other organizers of Textile Workers Union, AFL-CIO, by intimidation, violence or threats of violence, or the use of violence or insulting language in the exercise of their right to work as organizers for said union.

In addition to the cause of action for injunctive relief, there was also alleged in the complaint a separate cause of action on behalf of the plaintiff, Robertson, against the defendants in the sum of $60,000 actual and punitive damages; on behalf of plaintiff, Norris, for $50,000 actual and punitive damages; on behalf of plaintiff, Martin, $70,000 actual and punitive damages; and on behalf of the plaintiff, Amos Holcombe, $50,000 for alleged assault and battery and slander.

The complaint, liberally construed, might be said to contain allegations sufficient to afford plaintiffs injunctive relief under the Norris-LaGuardia Act, 29 U.S.C.A. §§ 101–115 inclusive. (See Paragraphs 9, 13 and 14 of the complaint.)

The complaint seeks a temporary restraining order without notice to de-

fendants and an opportunity to be heard, but no bond or other surety was posted.

Although the summons and complaint were filed on the date hereinabove set forth, at the request of counsel for plaintiffs they were not promptly lodged with the United States Marshal for service on the defendants as required by Rule 4 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Nevertheless, there was considerable publicity in the newspapers by reason of the filing of the action with the Clerk. The defendant, Limestone Manufacturing Company, learning of the action through this publicity, through counsel, requested in writing of all three District Judges in South Carolina that no temporary restraining order be issued until counsel had an opportunity to appear on behalf of the defendant, Limestone Manufacturing Company.

The proceedings were in this status when the matter came on for hearing before the Court at chambers in Greenville, South Carolina, on April 4, 1956. There had been no service of process on any of the defendants.

The gravamen of the complaint is the actions of the defendants on March 14, 1956, in discouraging membership in the union and interfering with its employees in organizing a union.

On April 3, 1956, while the proceedings were pending in this court, Textile Workers Union of America, AFL-CIO, prepared charges against all the defendants except Parker and Cole with the National Labor Relations Board, alleging the mill was guilty of unfair labor practices in discouraging membership in its union and interfering with its employees in organizing on November 15, 1955, March 14, 1956 and March 29, 1956. The charge reads in part, "and by attacking, assaulting and beating them (union representatives) and on March 14, 1956, attacking union representatives and others with baseball bats, guns and fire hose on March 29, 1956." These charges, although dated April 3, 1956, were with-

held by the union until after the hearing before the Court on April 4, 1956, on the issuance of a temporary restraining order. After the Court ruled that no temporary restraining order would be issued, the charges were formally filed with the Board on April 6, 1956.

It should be noted that the complaint contains no allegations that the defendants, Parker and Cole, participated in the occurrence of November 15, 1955, or March 14, 1956. At the hearing on April 4, 1956, counsel for plaintiffs stated that they were basing their case on the South Carolina Right-to-Work Statute. Sec. 40–46, S.C.Code 1952, 1956 Cumulative Supplement.

On April 28, 1956, the defendants jointly and severally filed a motion to dismiss the complaint and in the alternative to strike certain allegations thereof, and in the alternative to drop and add parties defendant and plaintiff.

On July 18, 1956, the charges filed with the Labor Board were amended by eliminating the instances on November 15, 1955 and March 14, 1956 and confining the issues to the occurrence of March 29, 1956. A complaint was issued by the Labor Board on these amended charges and hearing thereon was set for August 27, 1956, by the Board.

The present matter was heard before the Court at Columbia, South Carolina, on August 27, 1956, on defendants' motions.

At the oral arguments on August 27, 1956, defendants submitted affidavits of Everett A. Medlock and O. L. Long which proved that one of the plaintiffs, Amos Holcombe, was a citizen of Laurens County, South Carolina. To cure this fatal defect, counsel for the plaintiffs, without consultation with Amos Holcombe or without any apparent authority from him or without notice to any other persons, announced to the Court that they desired to take a voluntary nonsuit without prejudice as to him. Defendants objected to this motion.

Following oral arguments, counsel were directed to file written briefs on all issues. Thereafter, counsel for plaintiffs, on August 28, 1956, filed with the Clerk of this Court and served a notice of dismissal as to the plaintiff, Amos Holcombe. The defendants thereafter filed and served notice of motion to vacate and set aside this purported notice of dismissal.

■ In order for the federal court to have jurisdiction in a case of this kind, there must be complete diversity of citizenship between all plaintiffs who are indispensable parties and all defendants who are indispensable parties.

It is provided by statute that the district courts shall have original jurisdiction in cases involving diversity of citizenship when the matter in controversy exceeds $3,000. 28 U.S.C.A. § 1332. Plaintiffs seek to come under this statutory provision by alleging in Paragraph I of the complaint that the plaintiffs are citizens "of the United States and of the State of North Carolina," and that defendants are citizens of South Carolina. It is basic that no matter how numerous the plaintiffs may be, every plaintiff who is an indispensable party must have a different state citizenship from every defendant who is an indispensable party. City of Indianapolis v. Chase National Bank, 1941, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47; Strawbridge v. Curtis, 1806, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435. It conclusively appears from the affidavits submitted that Amos Holcombe, one of the plaintiffs, is a citizen of Laurens County, South Carolina and, therefore, the Court lacks jurisdiction of the subject matter unless it can be said that he is not an indispensable party. The affidavit of Amos Holcombe dated March 16, 1956, submitted to the Court in support of plaintiffs' motion for a temporary restraining order states as follows:

"My name is Amos Holcombe and my home is 112 Cedar Street, Laurens, S. C. I am presently living at Route 1, Harrisburg, N. C."

■ It is clear from this plaintiff's affidavit alone that he is a citizen of South Carolina and not of North Carolina as alleged in the complaint. In addition to this affidavit, I have the affidavits of O. L. Long, an attorney of Laurens, South Carolina, and Everett A. Medlock of the same city, that Amos Holcombe, at the time of the filing of the complaint, was living with his family at 112 Cedar Street, Laurens, South Carolina. These two affidavits show conclusively that this plaintiff was a citizen of South Carolina at the time of the institution of the action. In determining federal jurisdiction based on diversity, citizenship is the determining factor and not residence. Citizenship at the time of the institution of the action forms the basis for federal jurisdiction, and no change of citizenship subsequent to that time will confer jurisdiction on the Court which did not exist at the time the action was begun. Lyons v. Weltmer, 4 Cir., 1949, 174 F.2d 473, certiorari denied, 1949, 338 U.S. 850, 70 S.Ct. 93, 94 L.Ed. 520.

■ Plaintiffs, recognizing that this is not a true diversity of citizenship action, now seeks to have plaintiff, Amos Holcombe, removed as a party-plaintiff by an oral request for a voluntary non-suit upon the hearing of defendants' motion followed by a written notice of dismissal. This legal maneuver cannot avail plaintiffs because Amos Holcombe is an indispensable party.

In determining whether Amos Holcombe is an indispensable party, reference must be had to Rule 19(a) of the Federal Rules of Civil Procedure which provides that:

"Rule 19. Necessary Joinder of Parties

"(a) Necessary Joinder. Subject to the provisions of Rule 23 and of subdivision (b) of this rule, *persons having a joint interest shall*

*be made parties* and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff." (Emphasis added.)

Professor Moore states that parties in the federal court are divided into four classes, (1) formal or nominal, (2) proper, (3) necessary and (4) indispensable, and that "indispensable parties must, in every case, be before the Court." See Moore's Federal Practice, 2d Ed., Vol. 3, Pg. 2104. (Citation of cases omitted.)

It is often difficult to determine whether a party is indispensable and it has been stated that there is "no prescribed formula for determining in every case whether a person or corporation is an indispensable party or not." Niles-Bement-Pond Co. v. Iron Moulders' Union, 1920, 254 U.S. 77, 41 S.Ct. 39, 41, 65 L.Ed. 145.

The Supreme Court in an early case stated that:

"An indispensable party is one whose interest in the subject matter of the suit and in the relief sought are so bound up with that of the other parties that his legal presence as a party to the proceeding is an absolute necessity, without which the Court cannot proceed." Barney v. City of Baltimore, 1867, 6 Wall. 280, 73 U.S. 280, 18 L.Ed. 825.

Judge Haney, speaking for the Ninth Circuit in the State of Washington v. United States, traced the history of the doctrine of the "indispensable party" and after his exhaustive research used the following test:

"(1) Is the interest of the absent party distinct and separable? (2) In the absence of such party, can the court render justice between the parties before it? (3) Will the decree made in the absence of such party have no injurious effect on the interest of such absent party? (4) Will the final determination, in the absence of such party, be consistent with good equity and good conscience?

"If, after the court determines that an absent party is interested in the controversy, it finds that all of the four questions outlined above are answered in the affirmative with respect to the absent party's interest, then such absent party is a necessary party. However, if any one of the four questions is answered in the negative, then the absent party is indispensable." 87 F.2d 421, 427–428. See also Moore's Federal Practice, 2d Ed., Vol. 3, pp. 2150–2158. (Emphasis added.)

With these principles as a background to determine whether or not parties are indispensable, it appears in order to examine the complaint of the plaintiffs to see if Amos Holcombe is an indispensable party.

In the complaint, constant reference is made to the alleged cause of action resting in "the plaintiffs." (See Paragraphs I, II, III, IV, V, VII, XII, XIII, and XIV for the repeated use of this term.) The constant use of the term "the plaintiffs" shows that the wrong, if any, was done to "the plaintiffs" and that, therefore, a "joint interest" (as used in Rule 19) is held by each of the plaintiffs. The right asserted by plaintiff, Amos Holcombe, to relief in this Court is the same right asserted by the other three plaintiffs; thus a "joint interest" is present.

Further support of the fact that a joint right is present comes from the prayer of the complaint. The injunctive relief sought is on behalf of "the plaintiffs". Since the plaintiff, Amos Holcombe, has the same relationship with the union as the other plaintiffs and was a participant in the altercation of March 14, 1956, along with the other plaintiffs, and by his complaint has sought the same re-

lief, it is evident that he is an indispensable party.

Also, in viewing this complaint with the principles that Judge Haney has outlined above, it is evident that a negative answer follows when each of the four questions is answered. The interest of each of the plaintiffs is not distinct and severable but they assert a joint right as is evidenced by the use of the term "the plaintiffs" throughout the complaint. Answering question two, the Court could not render justice between the parties before it since the right asserted by the plaintiff Holcombe is united and made a part of the right asserted by the other plaintiffs. With regard to the third question, the interest of Holcombe would be injuriously affected since his cause of action is being dropped. The last question outlined by Judge Haney is addressed to the conscience of the Court. Will final determination in the absence of Holcombe be consistent with equity and good conscience?

As shown by the affidavits submitted on the motion for temporary injunction, the rights of a number of citizens of South Carolina and particularly those from Rock Hill, South Carolina, are involved in this labor dispute. It would be very difficult for the Court to effectively impose an injunction in favor of three non-resident individuals which would adequately protect the great number of union and nonunion South Carolinians who are the persons really interested in the outcome of this controversy. If Amos Holcombe were dropped, there would be serious doubts that the Court could grant complete relief consistent with equity and good conscience without also adding other South Carolina parties to adequately represent the class.

■ The only reason advanced for taking a nonsuit as to Holcombe or dropping him as a party is that by doing so, plaintiffs expect to retain jurisdiction of the action in this Court, or rather, they hope to confer upon this Court a jurisdiction which it did not possess at the time the action was instituted. Although plaintiffs designated their procedure in eliminating Holcombe as a notice of dismissal under Rule 41, it is more appropriate to consider the matter under Rule 21, Federal Rules of Civil Procedure, which provides that parties may be dropped "by order of the court." This implies that the matter is one in which the Court has the right to exercise some discretion. It does not follow that one plaintiff can be dropped at the mere desire of the other plaintiffs as a matter of right.

■ In any normal procedure, this action would have been by the union against the mill and its employees as a class, and in such case this Court would not have jurisdiction. Plaintiffs in effect pursued this normal procedure with the result that this Court has no jurisdiction. The federal court is a court of limited jurisdiction and that jurisdiction should not be enlarged through technicalities and legal maneuvers. This is particularly true since the federal statutes have afforded a remedy for these litigations through the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., for any violation of the federal statute and the State of South Carolina has afforded a remedy through State procedure for a violation of the State Right-to-Work Law in those fields which have not been preempted by the federal statute.

The plaintiffs have chosen the forum and have instituted an action in the nature of a class suit as shown by the prayer of the plaintiffs' complaint. The plaintiff, Amos Holcombe, is necessary to represent the class since, as shown by the allegations, the cause of action of the class, if any, rests upon the alleged wrong done to Amos Holcombe.

■ It should be stated at this point that class suits are permissible in South Carolina. It should also be remembered that the plaintiffs stated "that plaintiffs

are citizens of the United States and of the State of North Carolina." This complaint was subsequently verified and it was sworn to that the above quoted portion "is true of his own knowledge." (The verification was by Harry E. Robertson). Plaintiffs' attorney, when the issue as to Holcombe's domicile arose, requested a nonsuit as to Holcombe without consultation with Holcombe or with other plaintiffs or with other members of the class for whose benefit this action was brought.

It is also pertinent to note that the complaint alleges no specific amount of injury or damage to any of the plaintiffs except in the prayer. This makes the action of each of the plaintiffs so interrelated that it would not be proper to drop Holcombe at this point.

The Court was faced with a somewhat similar problem in National Maritime Union of America v. Curran, D.C.S.D. N.Y.1949, 87 F.Supp. 423. In this case the National Maritime Union of America, the New York Branch of the National Maritime Union of America, and others, individually and on behalf of the National Maritime Union of America, brought suit against Joseph Curran and others individually and as officers of the National Maritime Union of America to enjoin the defendants from removing or attempting to remove the plaintiffs from their offices as local union officials and from circulating false statements that plaintiffs had resigned from their offices. In support of this, the plaintiffs made a motion for a temporary injunction and thereafter the defendants made a motion to dismiss the complaint for want of jurisdiction over the parties and the subject matter of the dispute. After this, a motion was made orally by the plaintiffs at the argument to amend the complaint by adding five parties plaintiff who were nonresidents and by dropping the original eleven plaintiffs who had the same state citizenship as the defendants. The plaintiffs' attorney at the same time requested that the action be regarded as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure in order that jurisdiction might be conferred upon the Court. With these three motions before it, the Court considered the plaintiffs' oral motion to amend since,

"if it is not granted, then the motion for a temporary injunction must fall and the complaint must be dismissed, since plaintiffs have not shown on their original complaint diversity of citizenship as between each proper, necessary or indispensable party on one side of the controversy, and each proper, necessary or indispensable party on the other side. [Citations omitted.] This is so even if the action is considered to be a class suit under Rule 23. [Citations omitted.]" 87 F.Supp. 424, 425.

The Court, after reviewing the applicable authorities, pointed out that the dropping or adding of parties is permitted in three situations: (1) where a party desires to change the capacity in which he is bringing the action; for example, where one desires to sue as an executrix instead of individually; (2) when the situation involves suits where the United States Government has taken over under an action where in reality they are the real party in interest; and (3) where a situation involves the adding or dropping of parties because of a mistake initially made as to the person entitled to bring suit.

The District Court holding that the first two classifications were not applicable sought to bring the instant case under the third classification and stated:

"The original complaint can be considered to some extent to be a class suit brought on behalf of Union members deprived of the services of their elected officials, but principally it is an individual suit brought by plaintiff Drummond and the ten Patrolmen to be restored to the positions from which it has been

declared by the National Council of the Union, they have 'resigned.' Upon discovering at the argument and apparently conceding, that their action if unamended must fall because of lack of diversity of citizenship between plaintiffs and defendants, plaintiffs' counsel sought to amend as heretofore stated, and to bring the action solely as a class suit under Rule 23, by five new plaintiffs who are members of the Union residing outside of the New York area. The relief sought in the amended complaint is somewhat the same as that in the original complaint, namely the restoration of the original plaintiffs to their elected positions and the restraint of the defendants from circulating false statements as to the original plaintiffs.

*   *   *   *   *

"Furthermore, it would seem that in any action brought by the five new plaintiffs, *the original plaintiffs may of necessity have to be joined as indispensable parties, since it is their positions and livelihood which are at stake, and their actions which are in question.*" 87 F.Supp. 427–428. (Emphasis added.)

The Court thereafter denied the plaintiffs' motion for a temporary injunction and their oral motion to amend the complaint and since there was no diversity of citizenship the complaint was dismissed.

This case is similar to the instant case since in each a joint right was being asserted, and the Court held that since their positions and livelihood were at stake, they were indispensable parties. Thus it is obvious that the complaint has placed in issue the positions and livelihood of each of the plaintiffs and that each plaintiff, including Amos Holcombe, is an indispensable party.

■ The plaintiffs' attorney, in his oral request to drop Amos Holcombe,

phrased it as a voluntary nonsuit. Subsequently, a notice of dismissal was filed. Rule 41, which provides for voluntary dismissals in certain cases, is quoted in part:

"(a) Voluntary Dismissal: Effect Thereof

"(1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(c), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." *   *   *

Rule 41(a) (1) is not proper in the instant case and this is illustrated by Harvey Aluminum v. American Cyanamid Co., 2 Cir., 203 F.2d 105, certiorari denied, 1953, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383. The plaintiffs sought a voluntary dismissal without a court order, relying on Rule 41(a) (1), but the defendants' motion to vacate this notice of dismissal was granted since a hearing had been held on a preliminary injunction. Judge Augustus Hand refused a narrow interpretation of the rule and was not influenced by the fact that a "paper labeled 'answer' or 'motion for summary judgment'" was not filed. He was concerned with whether the merits of the case had been considered. The merits had been raised on a motion for a preliminary injunction which had been argued before the Court, just as in the instant case, since this Court has considered the merits when the motion for a preliminary injunction was argued on April 4, 1956. Judge Hand stated it thusly:

"Further, the merits of the controversy were squarely raised and the district court in part based its denial of the injunction on its con-

clusion that the plaintiffs' chance of success on the merits was small. Consequently although the voluntary dismissal was attempted before any paper labeled 'answer' or 'motion for summary judgment' was filed, a literal application of Rule 41(a) 1 to the present controversy would not be in accord with its essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached. [Citations omitted.]" 203 F.2d 107–108.

Another factor in the present case which makes this notice improper is the fact that the notice was filed after the arguments before the Court on August 27, 1956, when once again the merits of the case were further presented to the Court.

Also to the same effect is Kilpatrick v. Texas and P. Railroad Co., D.C.S.D. N.Y.1947, 72 F.Supp. 632, reversed on other grounds, 2 Cir., 1948, 166 F.2d 788. See also 1948, 335 U.S. 897, 69 S.Ct. 295, 93 L.Ed. 432, where the case was transferred to the summary docket for further proceedings which evidently were never had. In the Kilpatrick case, a motion to dismiss, which had previously been filed in the instant case, was treated as the equivalent of an answer, and the Court stated:

"Rule 12(b) authorizes such defenses as these [a motion to dismiss on the ground of lack of jurisdiction or of insufficiency of service] to be made by answer, or, at the option of the defendant, by motion before answer, and Rule (12) (d) provides that, whether made by motion or by answer, they shall be heard before trial, upon the application of either party. I think that under the circumstances here present these motions should be treated as the equivalent of answers and that it should be held that plaintiffs had no right under Rule 41(a) (1) to file notices of dismissal while these motions were still pending undetermined." 72 F.Supp. 634.

That is precisely the situation in the instant case and there is no reason why the defendants' motion to dismiss should not also be treated as the equivalent of an answer. This carries out the logical intention of Rule 41(a) (1) and any other interpretation of this rule would be an injustice to the defendants since by their motion to dismiss they have placed in issue the plaintiffs' cause of action just as an answer also would do.

I have thus far assumed *arguendo* that Rule 41 could be applicable to what the plaintiffs are seeking to do. However, a true analysis of Rule 41 shows that it is designed for an entire action by all parties and it may not be availed of by one party out of four seeking to relinquish a claim as opposed to an action. Judge Hand in the Harvey Aluminum case, supra, made this wise distinction and held that the rule was applicable only to dismissal of the entire action and that it could not be used for a dismissal of a claim against individual defendants which he pointed out is covered under Rule 21.

In the instant case, the converse situation appears where an individual plaintiff is seeking the dismissal of his claim, and there is no reason why he also should not fall under Rule 21. In Neiman-Marcus Co. v. Lait, D.C.S.D.N.Y.1953, 14 F.R.D. 159, Judge Dimock also refused to allow Rule 41(a) (1) to be used for the dismissal as to some but not all defendants, and stated:

"A partial dismissal cannot be effected by mere notice. Rule 41(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. relied upon as authority for such a dismissal by that means, permits it only where the subject is an entire action as distinguished from a claim against one or more but less than all of the defendants. Otherwise a court order is necessary." 14 F.R.D. 159–160.

This is because the plaintiff is seeking to fall under Rule 41, when, in fact, he should seek to fall under Rule 21 which specifically provides for dropping parties.

In Federal Practice and Procedure—Rules Edition, by Barron and Holtzoff, Vol. 2, Page 123, it is stated:

"§ 543. Dropping or adding parties

"Rule 21 provides that 'parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and in such terms as are just.' *This, rather than dismissal of the action, is the appropriate remedy for improper joinder of parties.*" Citing Orloff v. Hayes, D.C. N.Y.1946, 7 F.R.D. 75; F. X. Hooper Co. v. Samuel M. Langston Co., D.C. N.J.1944, 56 F.Supp. 577; Diepen v. Fernow, D.C.Mich.1940, 1 F.R.D. 378; Allegheny County, Pa. v. Maryland Casualty Co., D.C.Pa. 1940, 32 F.Supp. 297. (Emphasis added.)

This explains the reasoning of the Harvey Aluminum case, supra, and is in itself a sufficient reason to grant the defendants' motion to vacate the notice of dismissal.

Another reason to deny the plaintiffs' notice of dismissal is because this is a class action. Rule 41(a) (1) states that it is subject to Rule 23, entitled "Class Actions," which provides as follows:

"(c) Dismissal or Compromise. A class action shall not be dismissed or compromised without the approval of the court. If the right sought to be enforced is one defined in paragraph (1) [a true class suit] of subdivision (a) of this rule, notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs. If the right is one defined in paragraph (2) [a hybrid class suit], or (3) [a spurious class suit] of subdivision (a) notice shall be given only if the court requires it." (Explanation in brackets added.)

As shown by the prayer for relief contained in the plaintiffs' complaint, relief is requested not only for the four named plaintiffs but throughout the prayer injunctive relief is sought for the "plaintiffs or other organizers of the Textile Workers Union of America, AFL–CIO." Professor Moore, in discussing the three types of class suits, true, hybrid and spurious, states that a true class suit is present where a right sought to be enforced is a joint, common or derivative right.

"As good illustration of an action involving a joint right is a suit by or against representatives of an unincorporated association (Citing Tunstall v. Brotherhood of Locomotive Firemen and Engineermen, 4 Cir., 1945, 148 F.2d 403; Montgomery Ward & Co., Inc., v. Langer, 8 Cir., 1948, 168 F.2d 182)." See Moore's Fed. Practice, 2d Ed., Page 3435.

In essence, since the relief requested is relief for "other organizers of the Textile Workers Union of America, AFL-CIO," which is an unincorporated association, this should be considered a suit by an unincorporated association. Thus, under Rule 23(c) (1), notice of the proposed dismissal or compromise must be given to all members of the class in such manner as the court directs. However, it is obvious that this requirement was not met or even attempted to be met before the notice of dismissal was filed.

Since the complaint must be dismissed for lack of jurisdiction, there is no need to discuss the other issues raised by the defendants. It is, therefore,

Ordered that the complaint be dismissed.